Hurck v. Erskine et al.

---

PETER J. HURCK *v.* GREENE ERSKINE, Appellant, AND WILLIAM M. PRICE, Respondent.

1. *Practice, civil — Supreme Court — Distribution of funds — Cause reversed and remanded — What issues to be retried.* — A. claimed title to the first of a series of trust notes. On trial the court found him entitled to the note, but not to priority in payment, and ordered payment of the note to be made *pro rata.* From the order of distribution A. took his appeal to the Supreme Court, which declared him entitled to priority of payment, and reversed and remanded the cause, but left the finding below as to his title to the note undisturbed. *Held,* that the Circuit Court could not proceed to retry the case upon its merits, but could only enter up judgment of distribution according to the principles enunciated by the Supreme Court.

*Appeal from St. Louis Circuit Court.*

*T. T. Gantt,* for appellant.

*John Wickham,* for respondent.

If this court, when it heard this cause on the first appeal, had considered the case in a proper condition to justify it in rendering such judgment as the court below should have rendered, and that the law and ends of justice would be carried out thereby, it would doubtless have given judgment itself, and either have awarded

Hurck v. Erskine et al.

execution or remitted the record to the Circuit Court with an order to execute such judgment, as was done by said court at the same term in the cases of Gillam v. Kerone, 45 Mo. 492, and in The State of Missouri v. The Bank of Missouri, 45 Mo. 543; but nothing of the kind was done. It only reversed the decision of the Circuit Court and remanded the cause.

The language of the mandate is "that the judgment of the Circuit Court is reversed and annulled, and for naught held and esteemed, and the cause is remanded to the Circuit Court for further proceedings to be had therein, in conformity to the opinion of the Supreme Court."

Under this state of things the Circuit Court could not proceed to give judgment without a hearing, nor is there any law to preclude either party from offering such evidence upon the new hearing as may be competent and admissible. (State *ex rel.* Allen v. St. Louis Circuit Court, 41 Mo. 580–581.)

This question has been before this court at the present term in the case of The State of Missouri v. Cornelius Newkirk, brought up on a writ of error to the St. Louis Court of Criminal Correction, in a different form, it is true, but the principle decided is the same. In that case the court held that where a "judgment is reversed and the cause remanded," that language implies all that the statute requires; and when the case goes back it must be proceeded in in accordance with the rulings of this court as expressed in its opinion. It does not follow that when a new trial is awarded, whether by the Supreme or inferior court, the parties are prohibited from introducing other evidence than what appeared in the first trial. Whether in a criminal or civil case, the parties are always permitted to introduce new evidence, whether the reversal was on a question of fact or law, or both. (See State v. Newkirk, 49 Mo. 472.) ·

*Harding & Crane*, for respondent.

The mandate of this court remanded the case, to be tried anew, and left all parties in the same position as if no trial had been had, excepting as to points decided by this court. (State *ex rel.* Allen v. Judges St. Louis Circuit Court, 41 Mo. 574.)

ADAMS, Judge, delivered the opinion of the court.

Peter J. Hurck was trustee in a deed of trust to secure three several promissory notes, of one of which Greene Erskine claimed to be the owner, as having purchased the same from Wm. M. Price, the original holder of all the notes, and the present holder of the two notes not claimed by Greene Erskine.

The trustee sold the property. Erskine claimed, as his note was first named and first due by the terms of the trust, that he was entitled to be first paid; and Price claimed that Erskine did not buy the note at all, and was not the owner, but that the note he held had been paid off, and that he was not entitled to any of the trust funds in the hands of Hurck. Thereupon, Hurck filed a petition of interpleader, to compel Price and Erskine to interplead, which they did, and the issues on these interpleas were submitted to the court to try; and upon such trial the court found " that the said Greene Erskine did become the purchaser from Wm. M. Price, for value, on the 26th of April, 1866, of the note for six thousand two hundred and fifty dollars, dated October 30, 1865, payable one year after date; and that the said Wm. M. Price remains the holder and owner of the other two notes, to secure which the deed of trust mentioned in the petition of Peter J. Hurck was made." On this finding the court proceeded to render a judgment, ordering Hurck, the trustee, to distribute the funds in his hands, after payment of the costs of the trust, in the payment of the three notes ratably. Erskine objected to this distribution, and filed a motion asking the court to modify its judgment of distribution, so as to order the payment of his note before any of the funds were applied to the notes held by Price. The court refused to modify the judgment of distribution, and Erskine appealed to the General Term, which affirmed the special term; and Erskine appealed to the Supreme Court, and the Supreme Court decided that the judgment of distribution was erroneous; that by the terms of the deed of trust Erskine's notes must be first paid before any of the funds could be applied to the notes held by Price; and reversed the judgment and remanded the cause, to be proceeded with in accordance with the opinion.

When the case went back, instead of entering up a judgment of distribution on the finding, as the Supreme Court had indicated in its opinion, the Circuit Court permitted Price to file a new answer, raising in substance the same issue that had already been tried, to which Erskine set up the former finding and proceedings had in the Supreme Court, which was stricken out on Price's answer, and the issue was, against the objections of Erskine, amended and tried by a jury; and the jury found a verdict that Erskine had not purchased the note held by him, but that it had been paid off; and the court thereupon gave judgment, ordering all the proceeds of the trust fund to be paid to Price. From this judgment Erskine appealed to the General Term, which affirmed the special term, and Erskine has appealed to this court.

The only question for our consideration is, what was the effect of the reversal of the first judgment? The finding of the court was not objected to by Erskine, for it was in his favor. He made no motion to set that aside. His motion was to modify the judgment of distribution. The Supreme Court did not set the finding aside. The judgment of distribution alone was acted on by this court, and that judgment was reversed and the cause remanded. For what purpose? not to retry the issue, which had been found for Erskine, and still stood upon the records of the Circuit Court untouched by anything that had transpired in the Supreme Court. But the cause was remanded merely that the Circuit Court might enter up a judgment of distribution according to the equities of Price and Erskine, as declared by this court. When a finding or verdict is objected to in the Circuit Court, and the objection is sustained by the Supreme Court and judgment is reversed and remanded, there must be a new trial on the merits. In such case the effect of reversing the judgment and remanding the cause is to award a new trial. (See The State v. Newkirk, 49 Mo. 472; State *ex rel*. Allen v. St. Louis Circuit Court, 41 Mo. 574.)

Under this view of the case, this judgment must be reversed and the cause remanded, with directions for the Circuit Court to render a judgment of distribution, directing the trustee, after payment of the costs of the trust, to pay in full the note held by Greene Erskine, and to pay the remainder of the trust funds to Wm. M. Price. The other judges concur.