SHROYER, *Plaintiff in Error,* v. NICKELL.

**Practice, Supreme Court.** Where a judgment is reversed and the cause is remanded, with special directions to the trial court as to its further proceedings, and such court proceeds in conformity with the directions, its judgment will be affirmed.

*Error to Saline Circuit Court.*—HON. WILLIAM T. WOOD, Judge.

*Samuel Boyd* for plaintiff in error.

*Shackelford & Strother* for defendant in error.

SHERWOOD, C. J.—This case was here before, (55 Mo. 264,) and when here we reversed the judgment and remanded the cause, with directions to the trial court as to its further proceedings. On remanding the cause we directed the court of first instance to take an account of

the rents and profits of the land from the time of the rendition of the judgment, (up to which time they had been assessed;) also of the value of the permanent improvements, as well as the purchase money paid, and that plaintiff be restrained from obtaining possession of the land until she should pay the value of the improvements, plus the purchase money and interest, diminished by the amount of the rents and profits.    These directions were fully followed by the court below, and on such accounting it was found that, after deducting the value of the rents and profits, (there being no permanent improvements put upon said lands prior to the rendition of the first judgment,) the amount due the defendant, Prior, who had re-purchased the land from his co-defendant, was $1,174; and this sum the court below directed plaintiff to pay before recovering possession of the land, and by its decree restrained her from so doing till such payments were made.    All this was in conformity to our directions, and under those directions the plaintiff was not entitled to open the case and have a new trial. These views are sustained by the case of *State ex rel. Allen v. St. Louis Circuit Court,* (41 Mo. 574,) and by that of *Kinealy v. Macklin,* (*ante* p. 95.)    Had we simply reversed the judgment and remanded the cause, a different phase of the case would have been presented; as it is, we have only to affirm the judgment.    All concur.

AFFIRMED.