CHOUTEAU, *Appellant*, v. ALLEN.

**Practice**: EFFECT OF REMANDING WITH SPECIAL DIRECTIONS. When the Supreme Court remands a case with special directions as to the judgment to be entered, the lower court has no power to enter any other, or to open the case for a new trial.

An exception to this rule obtains, perhaps, in favor of a mortgage-bondholder, who, after a suit for foreclosure is remanded, for the first time applies to the lower court for leave to show his title and share in the proceeds of the sale.

*Appeal from Mississippi Circuit Court.*—HON. D. L. HAWKINS, Judge.

REVERSED.

For the report of this case when it was in the Supreme Court before, see 70 Mo. 290.

*Glover & Shepley* for appellant.

The circuit court erred in allowing Allen to file an amended answer in 1880. *Bryan v. Berry*, 8 Cal. 130; *McGlaughlin v. O'Rourke*, 12 Iowa 459; *Levi v. Karrick*, 15 Iowa 444; *Suggs v. Suggs*, 1 Overt. (Tenn.) 2; *Furber v. Carter*, 2 Sneed 1; *Helm v. Boone*, 6 J. J. Marsh. 351; *State v. Judge*, 11 La. Ann. 728; *Foster v. Rucker*, 26 Mo. 494; *Stewart v. Stringer*, 41 Mo. 400. These authorities show that the appeal of Chouteau in 1875 removed the entire cause into this court, and no jurisdiction could be reinvested in the circuit court except by the order of the Supreme Court, and then only so far as the order should direct. 1 R. S. 1879, §§ 3766, 3779. When, after an appeal, a cause is remanded to the court below, that court must do what the appellate court directs, and nothing more. *Browder v. McArthur*, 7 Wheat. 58; *The Santa Maria*, 10 Wheat. 443; *McMillan v. Richards*, 12 Cal. 467; *Hurck v. Erskine*, 50 Mo. 116; *Shroyer v. Nickell*, 67 Mo. 590; *Argenti v. San Francisco*, 30 Cal. 458; *Tyler v. Magwire*, 17 Wall. 282.

Allen was barred by his own laches from setting up any claim under the deed of trust, and barred of any right to amend in 1880.   Wells Res Adjudicata, p. 6, § 10; § 248, p. 218; *Greenabaum v. Elliott*, 60 Mo. 25; *Willett v. Fayerweather*, 1 Barb. 72; *Howe v. Russell*, 31 Me. 115; *Goodwin v. McGehee*, 15 Ala. 232; *Saltus v. Genin*, 3 Bosw. 639; *North v. Dyett*, 2 Edw. Ch. 115; *Larkins v. Biddle*, 21 Ala. 252; *Fenno v. Coulter*, 14 Ark. 39; *Rogers v. Atkinson*, 14 Ga. 320; *Sanborn v. Sanborn*, 7 Gray 142; *Hannum v. Cameron*, 12 Sm. & M. 509; *Dodd v. Astor*, 2 Barb. Ch. 395; *Smith v. Babcock*, 3 Sum. 583; *Howe v. Russell*, 36 Me. 115; *Kiphart v. Brennemen*, 25 Ind. 152; *Patterson v. Fowler*, 23 Ark. 459; *Chouteau v. Allen*, 70 Mo. 290; 25 Ala. 212; *Le Guen v. Gouverneur*, 1 John. Cas. 436; *Hackworth v. Zollars*, 30 Iowa 433.   Our statute lays down its own rule in respect to amended pleadings, viz: neither the cause of action nor the defense shall be substantially changed by an amendment after trial.   1 R. S. 1879, § 3567; *Butcher v. Death*, 15 Mo. 271; *Gibbons v. Steamboat*, 40 Mo. 253; *Brashears v. Strock*, 46 Mo. 221; *Webb v. Tweedie*, 30 Mo. 488; *Merrick v. Greely*, 10 Mo. 106; *Hunt v. Bouton*, 63 Mo. 187; *Harkness v. Julian*, 53 Mo. 238; *Stewart v. Glenn*, 58 Mo. 481; *Atteberry v. Powell*, 29 Mo. 429; *House v. Duncan*, 50 Mo. 453; *Irwin v. Chiles*, 28 Mo. 576; *Garton v. Cannada*, 39 Mo. 357; *Harrison v. Hastings*, 28 Mo. 346; *Wellman v. Dismukes*, 42 Mo. 101; *Kerr v. Bell*, 44 Mo. 120; *Corby v. Wright*, 4 Mo. App. 443; *Allen v. Ranson*, 44 Mo. 267; Bliss on Code Plead., § 430; 1 R. S. 1879, § 3586.

*Thoroughman & Pike* for respondent.

The former decree was no bar to this proceeding by respondent Allen.   *Taylor v. Larkin*, 12 Mo. 103; *Magwire v. Tyler*, 40 Mo. 406; *Chambers v. Smith*, 30 Mo. 158; *Clemens v. Murphy*, 40 Mo. 121; *Wright v. Salisbury*, 46 Mo. 26; *Union R. R. Co. v. Traube*, 59 Mo. 355; *Hickerson v. Mexico*, 58 Mo. 61.   No estoppel can be claimed against Allen, on

the ground that the bonds presented by him in the present proceeding should have been used as a defense in the first trial. *Malloney v. Horan,* 49 N. Y. 112; *Whitcomb v. Williams,* 4 Pick. 228; *King v. Chase,* 15 N. H. 13; *Grady v. McCorkle,* 57 Mo. 172. It was the clear duty of the court below, before the case was finally closed, and before a distribution of assets could be made, to determine the validity of all the bonds issued by said Cairo & Fulton Railroad Company, and secured by said deed of trust and the *bona fide* holders thereof, and to make such a decree in the foreclosure of said deed as would stand only for the benefit of such bonds as appeared to be entitled thereto. *Galveston R. R. Co. v. Cowdrey,* 11 Wall. 459; 2 Jones on Mortg., 1384, 1385; *Mason v. York, etc., R. R. Co.,* 52 Me. 82; *Bardstown, etc., R. R. Co. v. Metcalfe,* 4 Met. (Ky.) 199; *Blair v. Shelby Co. Ag. Soc.,* 28 Ind. 175; *Terry v. Woods,* 6 Sm. & M. 139; *Pugh v. Holt,* 27 Miss. 461. In this case, the amended answer is in the nature of a cross-bill asking affirmative relief *dehors* the original answer, and which does not involve an inquiry into the merits of the judgment or decree ordered by the Supreme Court, and which pleading was sometimes resorted to of necessity, when by the rules of equity pleading defendant could not avail himself of his defense in any other way, when the matter of defense, such as release, award, etc., arose after suit brought and issue. 1 Van Santv. Plead., 576; *Halsey v. Carter,* 1 Duer 667.

PER CURIAM.—Our statute provides that in appeals or writs of error, the Supreme Court shall examine the record and " award a new trial; reverse or affirm the judgment or decision of the circuit court, or give such judgment as said court ought to have given, as to them shall seem agreeable to law." R. S. 1879, § 3776. And it is further provided that the Supreme Court, " upon the determination of any cause in appeal or error, may award execution to carry the same into effect, or may remit the record, with

their decision thereon, to the court from whence the cause came, and such determination shall be carried into execution by such court." Ib., § 3779.   These statutory provisions are only legislative declarations of the general powers of this court; powers which are necessarily inherent in all courts of last resort.   We have ruled that where we have remanded a cause with directions as to the further proceedings of the trial court, that there the case does not present the same phase as if there had been a simple reversal and remanding; that where special directions have been given as aforesaid, it is out of the power of the lower court to open the cause and have a new trial.   *Shroyer v. Nickell,* 67 Mo. 589, and cases cited; *Hurck v. Erskine,* 50 Mo. 116. As shown by the brief of plaintiff, the authorities are uniform on this point.

When this cause was here before, we affirmed the judgment in some particulars, and reversed it in others, and remanded the cause with specific directions to govern the further steps of the trial court.   Those directions have not been followed, nor our mandate obeyed.   That mandate was in the nature of a special power of attorney.   By it, so far as the parties to the record were concerned, authority and jurisdiction was granted to the lower court to take such steps as were ordered, and such incidental steps as were necessary to carry our mandate into execution.   Beyond this, nothing.   The action of the lower court in permitting Allen to amend his answer and in opening the cause for rehearing and for the trial of new issues never raised before—issues directly at variance with and repugnant to his former issues—was altogether *coram non judice,* and, of consequence, void.

It is said that since the cause was sent back, the holder of one bond, who was not a party to the record, was permitted by the court below to come in and assert his title thereto and to share in the proceeds of the general fund. No objection was made by either party to his coming in,

and we discover none, as he was a stranger to the record, and, therefore, not concluded by our appellate action.

We reverse the judgment, leaving it optional with the plaintiff either to have the cause remanded to the lower court, with directions as before, or if possessed of the necessary *data* to have a decree entered here in conformity to this and our former opinion.

A motion for a rehearing was denied.