REES *et al.* v. McDANIEL, *Appellant.*

Division Two, December 17, 1895.

**Appellate Practice: MANDATE.** Where a cause is remanded by the supreme court with specific directions as to further proceedings, the trial court has no authority to do anything not embraced in such directions.

*Appeal from Platte Circuit Court.*—HON. W. S. HERN-DON, Judge.

AFFIRMED.

*Thos. J. Porter* for appellant.

*J. W. Coburn* for respondents.

BURGESS, J.—When the case of which this seems to be an offshoot was before this court on a former occasion, *Rees v. McDaniel,* 115 Mo. 145, the judgment was reversed and the cause remanded with specific

directions, that is, "with directions to the circuit court to order a survey so as to ascertain where the line of the river bank was at the time of the sudden change of the river in 1881, in so far as it touches or runs through the land in controversy, and that after having ascertained where said bank was at the time last aforesaid, that it enter up judgment for plaintiff for the possession of all the land sued for up to said line." This it appears from the copy of the proceedings before us, the court, acting in pursuance of said directions, did. The cause was not remanded for further trial. Nor for any purpose other than as specified in the directions, which were strictly complied with.

The rule as announced by this court is that, where a cause is remanded by us with directions as to further proceedings, the case does not occupy the same status as if it had been simply reversed and remanded, but that where special directions have been given, it is out of the power of the lower court to do anything beyond or not embraced in the specific directions. *Shroyer v. Nickell*, 67 Mo. 589; *Hurck v. Erskine*, 50 Mo. 116; *Chouteau v. Allen*, 74 Mo. 56; *Stump v. Hornback*, 109 Mo. 272. The judgment is affirmed. GANTT, P. J., and SHERWOOD J., concur.