THE STATE *ex rel.* BAUER, *Collector*, v. EDWARDS *et al.*, *Appellants.*

144  467
146  101
148  623

144  467
90a 515

### Division One, June 8, 1898.

1. **Practice:** CAUSE REMANDED WITH SPECIFIC DIRECTIONS: JUDGMENT. Where a cause has been appealed to the Supreme Court, and remanded with specific directions to the trial court to enter up a certain judgment, that court has no power to enter any other judgment or to consider or determine any matters not included in the duty of entering the judgment as directed.

2. ———: ———: ———: NEW PLEADINGS. Consequently the trial court committed no error in refusing to allow new issues to be brought into the case by additional pleadings, and in holding the case to be *res adjudicata.*

3. ———: ———: ———: TAXES: INTEREST AND COSTS. Where on a former appeal this court remanded a cause with directions to the trial court "to enter judgment for all taxes sued for," the trial court does not commit error if the judgment for taxes also includes the statutory attorney's commissions, collector's fees and interest.

4. **City Taxes:** ATTORNEY'S FEES: JUDGMENT. It is proper to include attorney's fees in the judgment enforcing a lien against land for city taxes. Under the statute the judgment of the tax attorney for his commissions is not postponed until the judgment for taxes has been collected and paid into the city treasury, but his fees should be made a part of the judgment for taxes.

*Appeal from Cole Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*Edwards & Edwards* for appellants.

(1) The mandate of this court was to render judgment for "taxes sued for." Not for interest, penalties and cost and attorney's fees. (2) Undoubtedly defendants had the right to be heard on any matter not contained in the mandate of this court against them.

We were entitled to our day in court. The Constitution grants this, even in tax cases. (3) The attorney was never legally appointed in this case, because never approved by the mayor. (4) The attorney when properly appointed can only recover his per cent when the money is collected and paid into the treasury, and not one dollar has ever been collected. (5) This court will review matters once heard in the same case where to sustain the former decision would be unjust and that is this case exactly. *Hamilton v. Marks*, 63 Mo. 172; *Boone v. Shackleford*, 66 Mo. 493; *Bird v. Sellers*, 122 Mo. 33; *Spohn v. Railroad*, 122 Mo. 1. In this latter case this division reheard the case on the identical record, on second appeal raising the question of the correctness of the ruling of division number two, on the evidence of McCarty and Myers, and overruled said division, and this very point was ably presented to this court by Judge Shirk in the case, but the court overruled it. *Spohn v. Railroad*, 116 Mo. 617. Again, only one point decided by Judge Macfarlane is asked to be reviewed, and that one is a vital position, as by his decision he completely wipes from the statute of the State an important provision of the law. We refer to that part of his decision holding that the "mayor is presumed to approve whatever the city council does." See this case reported in 136 Mo. 365. The other questions asked in this case to be reviewed were there passed over without comment.

*A. M. Hough* for respondent.

(1) The cause having been remanded from the Supreme Court with specific directions, and those directions having been followed in the entry of the judgment appealed from, the same should be affirmed on this appeal. *Reese v. McDaniel*, 131 Mo. 681; *Stump v.*

*Hornback,* 109 Mo. 272; *Mason v. Crowder,* 98 Mo. 353; *Chouteau v. Allen,* 74 Mo. 56; *Shroyer v. McKeel,* 67 Mo. 589; *Hurck v. Erskine,* 50 Mo. 116. (2) The appeal is clearly without merit, and respondent is entitled to ten per cent damages, and so asks. R. S. 1889, sec. 2305; *Phillips v. Phillips,* 107 Mo. 364; *Rose v. Cobb,* 64 Mo. 464; *Esty v. Post,* 76 Mo. 413; *Taylor v. Scott,* 26 Mo. App. 249; *Allen v. Lang,* 28 Mo. App. 440; *Egyptian Levee Co. v. Jester,* 42 Mo. App. 322.

BRACE, P. J.—This was a suit instituted in the circuit court of Cole county for the enforcement of the statutory lien upon certain lots in Jefferson City for delinquent city taxes for the years 1889, 1890, 1891 and 1892, in which the plaintiff recovered judgment in that court for the taxes, interest and costs sued for, and the defendant took an appeal from that judgment to this court, which appeal was heard and determined by this court at its October term, 1896 (*State ex rel. v. Edwards,* 136 Mo. 360), and the judgment of the circuit court "reversed and the cause remanded with directions to enter judgment for enforcing the lien of the city for all taxes sued for except those levied upon the assessment made in the year 1889." It appears from the abstract of the record filed herein, that after the cause had been remanded to the circuit court with these directions, and at the March term, 1897, of said court, the defendants by leave of court filed an amended answer to the plaintiff's petition therein, the same being a denial of each and every allegation in the petition contained. Thereupon the plaintiff filed a motion to strike the amended answer from the file, for the following reasons: "*First.* Because before the filing of such amended answer the cause had been remanded from the Supreme Court with specific directions to enter judgment for plaintiff enforcing the

lien of the city of Jefferson for all taxes sued for except those levied upon the assessment made in the year 1889. *Second.* Because the cause having been remanded by the Supreme Court with specific directions, no proceedings are authorized in this court except an entry of judgment in accordance with such directions.'' This motion was sustained by the court, and the defendants excepted. The plaintiff thereupon moved the court to enter judgment against the defendants for the taxes, penalties, interest and costs sued for except those levied upon the assessment made in the year 1889, in conformity to the mandate of the Supreme Court, which motion was sustained over the objections of the defendants, and they excepted. Thereupon the court entered judgment as prayed for, to which action of the court defendants excepted, and perfected this appeal.

In this record we find no error of which the defendants can complain. ''When this cause was remanded to the circuit court with directions to enter a particular judgment, that court had no power to enter any other judgment, or to consider or determine other matters not included in the duty of entering the judgment as directed. All other matters had become *res adjudicata* and could not be reopened.'' *Stump v. Hornback*, 109 Mo. 272, and cases cited. Where such special directions have been given as to further proceedings, the case does not occupy the same *status* as if it had been simply reversed and remanded. *Rees v. McDaniel*, 131 Mo. 681, and cases cited. Consequently the authorities cited by counsel for defendants in which this court has reached a different conclusion on a second appeal from that reached on a former one, are not in point, and afford no pretext for reviewing our former decision in this case, as is urged in the brief of counsel. Under the mandate in this case, the circuit

court had but one plain duty to perform, and that was to enter judgment for the amount of the several taxes sued for except those levied upon the assessment made in the year 1889, with the consequent interest, penalties and costs attached thereto by the statute, and this it did in the judgment from which this appeal is taken. For authority to do so, it was not necessary that the mandate should have specifically mentioned interest, collector's fees, attorney's commissions, or any other items, liability for which under the law necessarily resulted from the liability for the taxes for which judgment was directed to be entered.  These followed as a matter of course, and were as well within the scope and meaning of the mandate as the principal sum. The statute and the pleadings in the case, the issues of which had already been adjudicated, furnished the only rule by which the amount of these consequential items could be determined, consequently there was no place for a hearing in the case at this stage of the proceedings for a denial of which the defendants can complain, and no error in the amount of these several items as found in the judgment is pointed out, of which they do complain.

It is complained of the judgment, however, as error, that the amount of the attorney's fees is included in the judgment enforcing the lien against the lands when, as is contended, the statute only provides that the attorney employed to prosecute the suit shall receive as fees in such suit "such sum not to exceed ten per cent of the amount of taxes actually collected and paid into the treasury, as may be agreed upon in writing, and approved . . . . . . . in such cities by the mayor, before such services are rendered, which sum shall be taxed as costs in the suit and collected as other costs." R. S. 1889, sec. 7681.  From which it is argued that the attorney can never have judgment for

his fees, until the judgment has been collected and paid into the treasury. This conclusion can not be correct, and results from the reading of a part only of the statute on this subject, when the whole of it should be read and considered together. The statute provides not only that such fees "shall be taxed as cost and collected as other cost" (as quoted in the brief), but that that sum "shall be taxed as costs *in the suit* and collected as other costs." And that the court "shall decree that the lien of the State aforesaid be enforced and that the real estate or so much thereof as may be necessary to satisfy such judgment, interest *and costs* be sold, which shall be executed as in other cases of special judgment and execution." R. S. 1889, sec. 7683. Thus plainly showing that the attorney's fees are to go into the judgment and be thereby collected as other costs in the suit. While the judgment in the present case is somewhat informal in that the attorney's fees are not first taxed as costs, and judgment rendered for them as costs, but directly as attorney's fees, the result is the same and in no way injurious to the defendant's interests, and for such informality the judgment should not be reversed. Finding no reversible error in the judgment of the circuit court entered in pursuance of the mandate of this court, the same is affirmed. All concur.