# CITIZENS NATIONAL BANK OF KANSAS CITY, Appellant, v. DONNELL.

## In Banc, March 30, 1906.

1. **APPEAL: Reversal With Direction: Usury: Interest on Judgment.** A cause of action tainted with usury bears no interest from the beginning of the action, and hence where suit is brought on an usurious note, that note will bear no interest so long as the note remains in action. Hence, where the debtor appeals from a judgment against him and the judgment is reversed with directions to enter up judgment for a specific sum, which was the principal of the debt with all interest purged out, that sum will not bear interest from the date the suit was commenced, for two reasons: first, because the note itself, being tainted with usury, bears no interest so long as it is in action; and, second, because the mandate of the court was a direction to the trial court to enter up judgment for a specified sum, and that court could enter up judgment for no other sum.

2. ———: **Second Appeal: Law of Case.** Matters adjudicated on a former appeal become the law of the case on a second appeal, and, before matters so adjudicated will be reopened, cogent and convincing reasons must exist.

3. **INTEREST: Suit on Usurious Note: Statutory Interest on Principal from Demand.** Where the holder of an usurious note sues on the note, and the court because of the illegal charge purges the debt of all interest, he cannot then, on the theory that the statute where no rate is agreed upon allows six per cent interest on account from date of demand and the commencement of a suit is demand, claim six per cent interest on the principal of the debt from the commencement of the suit. He did not sue on account, but on the note, and he cannot change the whole nature of his demand when judgment is about to fall.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

AFFIRMED.

. *Warner, Dean, McLeod, Holden & Timmonds* for appellant.

(1) Under a proper construction of the opinion of this court (172 Mo. 384), plaintiff is entitled to legal interest on the original debt from the commencement of the suit. There is nothing in the opinion to warrant a contrary construction. This court waded through the record, ascertained the different items going to make up the original indebtedness, set them out in tabular form, in the body of the opinion, but did not state any amount for which judgment should be rendered. It simply ascertained and stated in tabular form the items going to make up the original indebtedness, and directed the court to render judgment "upon the following bases"— bases for the lower court's consideration and computation. The rule announced in Brown v. National Bank, 169 U. S. 416, is that judgment should be given only for the original debt, with interest at the legal rate from the commencement of the suit. (2) Under the law plaintiff is entitled to recover interest on the original debt at the legal rate, from the commencement of suit. R. S., sec. 3705; Brown v. Bank, 169 U. S. 416; Bank v. Fitzpatrick, 63 S. W. 459; Haseltine v. Bank, 183 U. S. 132. By the adjudications in this case it has been determined that all usurious interest should be eliminated, and that the original debt is, and at the commencement of this suit was, a valid indebtedness, recoverable in this action. The Missouri statute (R. S. 1899, sec. 3705) provides that creditors shall be allowed to receive interest at the rate of six per cent per annum, when no rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made. The commencement of suit is a sufficient demand to entitle the recovery of interest from that date. Wolf v. Matthews, 98 Mo. 246; Brown v.

Brown, 124 Mo. 85; Dempsey v. Schawacker, 140 Mo. 681.

*Edward P. Garnett* for respondent.

(1) The mandate of the Supreme Court did not direct the court to enter judgment for any interest from the commencement of the suit. The direction is to enter up judgment for the different sums loaned and advanced from time to time, aggregating the sum of $19,081.97, after giving credit for $5,500, proceeds of collection January 25, 1898. Not a word said about entering judgment for any interest on these amounts. If the court had intended that any interest should have been added to this sum it certainly would have said so in plain words. This case was argued and submitted in the Supreme Court of the United States on this assignment of error. That is to say, one of the errors complained of and submitted to the United States Supreme Court was that the Supreme Court of Missouri denied the plaintiff the right to collect interest from the commencement of suit, and with the opinion of the Supreme Court before it, and the record in this case so construing the opinion, the Supreme Court of the United States affirmed the decision of the Supreme Court of Missouri, as thus interpreted. In other words, held that plaintiff was not entitled to collect this interest. Cit. Natl. Bank v. Donnell, 195 U. S. 369. The question is no longer open for discussion in this case. It is well settled that, on second appeal, only such questions will be noticed as were not determined on the former appeal. Butler Co. v. Bank, 165 Mo. 456; Coy v. West, 165 Mo. 452; Baker v. Railroad, 147 Mo. 140; Chapman v. Railroad, 146 Mo. 481. (2) To reverse and remand a case with specific directions to the trial court to enter up a given judgment, and, then, on second appeal, to reverse the case because the trial court did as directed, would be absurdly unjust to the trial court. Brown v. Bank, 92 Ky. 607; Bank v. Childs, 133 Mass.

248; Shaffer v. Bank, 53 Kan. 614; Lucas v. Bank, 78 Pa. St. 228; Danforth v. Bank, 48 Fed. 277; Bank v. Stauffer, 1 Fed. 188; Bank v. Hogueland, 7 Fed. 162; Guthrie v. Reid, 107 Pa. St. 275; Snyder v. Bank, 94 Ky. 231; Cake v. Bank, 86 Pa. St. 303; Bank v. Thompson, 101 Ky. 285; Shunk v. Bank, 22 Ohio St. 512; Fowler v. Equitable Tr. Co., 141 U. S. 405. (3) The section of the statutes and the decisions of the State of Missouri cited by counsel have no bearing in this case. They all refer to demands and suits on open accounts, and not written instruments.

BRACE, C. J.—This is the second appeal in this case. On the former appeal the judgment of the circuit court was reversed and the cause remanded to that court "for further proceedings to be had therein in conformity with the opinion of this court herein delivered." The opinion therein delivered is reported in 172 Mo. 384, and concludes as follows:

"Our conclusion is that the judgment should be reversed with direction to the trial court to enter up judgment for plaintiff upon the following bases:

| | |
|---|---:|
| "Dec. 29, 1893...... ...... .... | $15,000.00 |
| Principal of overdraft on July 12, 1895.... ...... ...... ...... | 474.24 |
| Net credit on bank account on that day...... ...... ...... .... | 230.50 |
| Credit on note of October 1, 1895.. | 2,500.00 |
| Principal of overdraft April 29, 1896...... ...... ...... .... | 874.81 |
| Credit on account that date...... | 2.42 |
| Total amount loaned.... | 19,081.97 |
| Credit by proceeds of col. Jan. 25, 1898.... ...... ...... .. ...... | 5,500.00" |

From the judgment of this court entered upon this opinion the plaintiff sued out a writ of error, by which

the case was carried to the Supreme Court of the United States, where the judgment of this court was affirmed, 195 U. S. 369.

Pending the appeal in the United States Supreme Court, the original mandate was withdrawn, and, after the decision of that court, the case was again remanded to the circuit court with the same directions as before; and, in due course, coming on for final judgment in the circuit court, under the mandate and opinion of this court, the plaintiff asked the court to declare the law to be that plaintiff is entitled to interest at the rate of six per cent per annum from the commencement of this suit on such sum as the court under the mandate and opinion of the Supreme Court may determine to be due and owing to plaintiff in this action, which the court refused to do, and entered judgment for the plaintiff for the sum of $13,581.97. To which action of the court, in refusing to allow it interest from the commencement of the suit, the plaintiff duly excepted, and appeals.

The case in hand and the judgment of this court therein could not be more clearly or tersely stated than it was by Mr. Justice HOLMES, who delivered the opinion of the Supreme Court of the United States, as follows:

"This is a writ of error to the Supreme Court of Missouri on the ground that the plaintiff in error is denied the rights with regard to charging interest conferred upon it by the national banking act. [Rev. Stat. secs. 5197-5198.] The suit was brought by the plaintiff in error upon a promissory note for twenty thousand dollars, with interest at eight per cent, made on April 29, 1892. The facts, shortly stated, are as follows: On October 29, 1892, the plaintiff bought the defendant's note for $15,000, with interest at seven per cent. On July 12, 1895, the defendant being behindhand with his payments of interest and also having overdrawn a bank account which he kept in the plaintiff's bank, he gave the plaintiff a new note for $17,500, and interest at

seven per cent, in satisfaction of both liabilities. The amount of this note included three semiannual interest charges, of $525 each, with a few days' further interest, on the former note, with interest on this interest from the time it was due, and charges of one per cent or more a month on the amount overdrawn each month. It left the defendant with a credit on his bank account of $230.50. On April 29, 1896, the note in suit and another note for $2,000 were given in satisfaction of the last note for $17,500, and of another note for $2,500, of October 1, 1895, with interest accrued on both, and of an overdraft of $919.90, and a balance of $2.42. The overdraft item included, as before, charges of about one per cent a month on the amounts actually overdrawn.

"The Supreme Court of Missouri held that the plaintiff must forfeit all interest from the beginning of the above transaction, and could recover only the original fifteen thousand dollars, the actual overdraft on July 12, 1895, four hundred and seventy-four dollars and twenty-four cents, the bank credit of two hundred and thirty dollars given the same day, the note of October 1, 1895, for twenty-five hundred dollars, the overdraft of April 25, 1896, of eight hundred and seventy-four dollars and eighty-one cents and the bank credit of two dollars and forty-two cents—in all, nineteen thousand eighty-one dollars and ninety-seven cents, less fifty-five hundred dollars collected on account since the action was begun. [172 Mo. 384.]"

I. The cause was remanded to the circuit court with direction to enter a particular judgment, and the circuit court "had no power to enter any other judgment, or to consider or determine other matters not included in the duty of entering the judgment as directed." [Stump v. Hornback, 109 Mo. 272; Rees v. McDaniel, 131 Mo. 681; State ex rel. v. Edwards, 144 Mo. 467; Tourville v. Railroad, 148 Mo. 614; Riley v. Sherwood, 155 Mo. 37.]

The direction to enter up judgment for plaintiff for the sum of $13.581.97 was no less specific than if the sum of $5,500 had in the direction been in fact deducted from the sum of $19,081.97 and that balance again shown as had been done in a former part of the opinion and judgment had been directed to be entered up for that particular sum in so many words and figures.

The data of "bases" given in the opinion on which the judgment was to be rendered, required a judgment for that amount and for that amount only and did not include interest from the commencement of the suit, and there is nothing in the opinion to indicate that in remanding the case it was the intention of this court that such interest should be included; but, on the contrary, as intended by the court, and as constructed by Supreme Court of the United States, it was distinctly held in the opinion that the "plaintiff must forfeit all interest from the beginning" of the transaction.

In other words, the plaintiff's cause of action by reason of its taint of usury bore no interest from the beginning; from which it follows as a necessary and logical consequence that plaintiff's note as long as it remained in action merely could bear no interest, and the commencement of a suit thereon to recover the whole amount of the principal and usurious interest could not in the very nature of things change its character and purge it of its intrinsic vice and thereafter make it an interest-bearing cause of action. Nothing but a judgment in which it might be merged could "wash its sins away."

Manifestly, the circuit court conformed to the spirit as well as to the letter of the mandate of this court in entering the judgment it did, and, in so doing, committed no error. If error there is, it is in the decision of this and not in the judgment of that court. And this is really the main contention of the plaintiff, a contention that might summarily be disposed of under the general rule that matters adjudicated on a former ap-

peal become the law of the case on a second appeal. It is true there are exceptions to this rule, but cogent and convincing reasons must exist to induce a re-opening, on the second, of questions decided on a former appeal. [Chambers v. Smith, 30 Mo. 156; Metropolitan Bank v. Taylor, 62 Mo. 338; Hamilton v. Marks, 63 Mo. 167; Bird v. Sellers, 122 Mo. 32; Rutledge v. Railroad, 123 Mo. 131; Wilson v. Beckwith, 140 Mo. 359; Chapman v. Railroad, 146 Mo. 481; Bealey v. Smith, 158 Mo. 515.] We fail to find such reasons in the argument of counsel in support of this contention.

II. It is, *first,* urged as a reason for the allowance of six per cent interest from the commencement of the suit, that section 3705, Revised Statutes 1899, provides that: "Creditors shall be allowed to receive interest at the rate of six per cent per annum, when no rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made;" that, "The commencement of suit is a sufficient demand to entitle the recovery of interest from that date. (Wolff v. Matthews, 98 Mo. 246; Brown v. Brown, 124 Mo. 85; Dempsey v. Shawacker, 140 Mo. 680);" and, that, although "plaintiff did forfeit all interest contracted for"—that is, "interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon," "he has not forfeited, and no law says he shall forfeit, the legal rate of interest given him by the statute, on the original debt, from demand, or commencement of suit."

The vice of the argument is that the statute and decisions invoked are not applicable to the case. If, instead of bringing its action on the note, and seeking to recover the usurious interest that was thereby agreed to be paid, and pushing its claim therefor to the uttermost in all the courts of the land to which it could be carried, the plaintiff, in the beginning, had stood *in loco*

*poenitentiae*, purged the demand of its usury and instituted suit to recover only the original debt, to which it was entitled, the argument would have much force, for then the case would have been, in substance, an action upon an account or claim due where no rate of interest had been agreed upon, and the suit would have been equivalent to a demand for the purpose of starting the running of interest under this section of the statute, and the decisions thereupon. But, as we have seen, such is not the case, and the plaintiff could not at the last stage of the proceeding which it inaugurated, and at the last moment when the judgment was about to be pronounced, change the whole nature of its demand. Nor could the court enter judgment thereon in accordance with such desired change. Repentance comes too late when judgment is about to fall. The plaintiff had then made its own bed, and it must lie in it.

We are able to see no principle upon which the claim for interest from the commencement of the suit could be allowed.

III. But, it is next contended that the Supreme Court of the United States has so decided, and for support of this contention a dictum to that effect in Brown v. Bank, 169 U. S. 416, is relied upon. The question which the Supreme Court of the United States was considering and deciding in that part of its opinion in that case in which this dictum occurs was whether interest included in a renewal note and for which a separate note is given thereby ceases to be interest within section 5197, Revised Statutes of United States of 1878. That was the question and the only question to which the argument therein was addressed, so far as the report of that case shows. The question whether in an action upon a usurious note in which judgment might be rendered only for the original debt, interest at the legal rate from the commencement of the suit should be allowed was not raised in the case, was not before the

court for decision, and, hence, notwithstanding the dictum, cannot be said to have been decided. As authority for the proposition that interest so included in a renewal note does not cease to be interest within section 5197, supra, a part of the opinion containing that dictum was quoted by this court in its former opinion. But as evidenced by our decision, and the decision of the United States Supreme Court approving the same, this dictum was not considered authoritative on the point in question. Otherwise the circuit court would have been directed to include interest from the commencement of the suit in the judgment we directed to be entered.

We find no cogent and convincing reasons for reversing our former decision in this case; and, as the judgment of the circuit court was entered in strict conformity thereto, it ought to be and is affirmed.

All concur.