MUSSEY ESSEY, Appellant, v. JOHN BUSHAKRA et al.

### Division One, June 10, 1924.

1. **REVIVOR: Death After Submission of Case.**  A cause need not be revived against the legal representatives of one of several appellants or respondents who dies after the submission of the cause in this court.  In such event, even where the death of a party has been suggested, the surviving appellants or responents, as the case may be, represent the decedent, and the cause may proceed to judgment in this court the same as if his death had not occurred.

2. ————: ————: **Directory Statute.**  The provision of the statute (Sec. 1506, R. S. 1919) that where one of several appellants or respondents dies "after the cause is submitted" in this court his "death shall be suggested on the record" performs no practical function, but is simply directory.  The surviving appellants or respond-

ents represent the decedent, and the, cause is not abated by his death, nor is the bringing in of his legal representatives necessary to a valid judgment.

3. ———: ———: Suggestion of Death: Waiver. If it is the duty of any one to suggest the death of a respondent who has died after the cause has been submitted in this court, that duty devolves as much upon the surviving respondents as upon appellant; and a failure of the surviving respondents, although the judgment in their favor is reversed, to suggest his death, or to object to the judgment of reversal because his death was not suggested during the term at which the cause was decided, is a waiver of the error, if any there was, in failing to suggest his death before the cause was decided.

4. ———: Reversal With Directions: Jurisdiction of Circuit Court. The circuit court has no jurisdiction over a cause after it has been appealed to and decided by this court except to obey the mandate of this court; and where an appeal was taken by plaintiff from a judgment against him and in favor of several defendants, and after the cause was submitted in this court one of the defendants died and the case here proceeded to judgment, without any suggestion of his death, resulting in a reversal of the judgment and a remand to the trial court with directions to enter judgment for the plaintiff, the circuit court had jurisdiction to enter judgment according to said mandate, and having done so it had no jurisdiction to sustain a motion for a new trial thereafter filed by the surviving defendants, based on the ground that said decedent had died after the cause was submitted in this court and the case was decided without any suggestion upon the record of his death, but it was its duty to overrule said motion, and permit the first judgment entered in accordance with the mandate to stand.

Headnotes 1 to 4: **Appeal and Error:** 1 and 2, 3 C. J. sec. 987 (1926 Anno); 3, 3 C. J. sec. 993 (1926 Anno); 4, 4 C. J. secs. 3270, 3271, 3273.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

REVERSED *(with directions).*

*A. N. Gossett* and *Stubenranch & Hartz* for appellant.

(1) No revivor was necessary in this action. Defendant John Bushakra was merely one of a number of

defendants. The sole defendants contesting plaintiff's claim were the defendants Salima Bushakra and Charles W. German, trustee, who were only claiming a mortgage as being valid and prior to plaintiff's judgment. There being other defendants a revivor was not necessary to a continuation of the suit in the Supreme Court and to the trial court's carrying out the mandate and judgment of the Supreme Court, directing judgment to be entered for plaintiff, as prayed in his petition. Sec. 1506, R. S. 1919; Reed v. Colp, 213 Mo. 577, 581; St. Louis v. Brinckwirth, 204 Mo. 280; Hunleth v. Leahy, 146 Mo. 408; Prior v. Kiso, 96 Mo. 303; Sargent v. Railway Co., 114 Mo. 348; Reineman v. Larkin, 222 Mo. 156;. Central Savings Bank v. Shine, 48 Mo. 467; Mead v. Mead, 1 Mo. App. 254. (2) This being an action in equity the trial court had authority under the law to enter up judgment for plaintiff in accordance with the mandate of this court and order the property sold and proceeds applied on plaintiff's judgment. The trial court took care of any rights which any heir of John Bushakra, not a party to the suit, might have, by providing that the residue, if any, be brought into court for final distribution. The judgment, being properly entered as of the time of the submission in this court as against John Bushakra, bound all his heirs, whether or not they happened to be already express parties to the suit, as some of them were. All heirs in such a case occupy the position of acquirers of title pending the suit, whether by gift, purchase or descent. Authorities above cited.

*German & Hull* for respondents *Salima Bushakra* and *C. W. German.*

(1) At the time of John Bushakra's death, the only judgment in this cause was that entered by the court below, which was in his favor, so without a revivor, that judgment must stand. This position is entirely in keeping with the statutory provisions. The statutes provide that a cause of action does not abate by the death of a

party, if the cause of action survive, but that after the suggestion of death the court may order the action continued against the representatives or successors of such deceased party. If such order is made upon the voluntary appearance of the parties, the action is forthwith revived, and if not, provision is made for summons to be issued against the person to be made a party. It is further provided that if the representatives of a deceased party are not made parties on or before the third term after the suggestion of death, the cause of action shall abate as to such party, and the interest of his representatives or successors therein. See Wilkinson v. Thom, 194 Mo. App. 173. (2) It is essential that we keep in mind the fact that under the common law, the death of a party to a suit, whether served with process or not, permanently abated the suit, and there was no revivor against his representatives or successors. Cole v. Parker-Washington Co., 276 Mo. 220. (3) A cause of action cannot be revived on the death of a party until there has been a suggestion of death. Sargeant v. Rowsey, 89 Mo. 617; Murphy v. Redmond, 46 Mo. 317; Wilkinson v. Thom, 194 Mo. App. 173; Gamble v. Daugherty, 71 Mo. 599; Lopp v. Prather, 176 S. W. 476; Crawford v. Railway, 171 Mo. 68. (4) When a party litigant dies no further steps can be properly taken in the cause until action is taken to bring in the dead party's representatives by a *scire facias* or the representatives voluntarily appear. Murphy v. Redmond, 46 Mo. 317. (5) There can be no question about the law relative to the death of one of the litigants, before submission of the case; that is to say, if the plaintiff or defendant dies during the progress of the trial, or before being served with process, the judgment is absolutely void. This point is conclusively decided in the Cole Case, *supra*. So therefore where the statute makes it imperative that, when the death of appellant or appellee occurs, the death be suggested in the court where the case is pending. If this is not done no proceedings can be had which in any way or in any manner affects the interest or estate of the

one who dies. Sargeant v. Rowsey, 89 Mo. 617; Murphy
v Redmond, 46 Mo. 317. Rentschler v. Jamison, 6 Mo.
App. 135; Weller Mfg. Co. v. Eaton, 81 Mo. App. 657;
Childer v. Schantz, 120 Mo. 305; In Re Young's Estate,
116 Pac. (Ore.) 1060; Life Assurance Co. of America v.
Flassett, 102 Ill. 315; Bivens v. Henderson, 86 N. E.
(Ind.) 426; Kager v. Vickery, 49 L. R. A. 153, and note.
(6) If one of the plaintiffs in an action dies it is error
to proceed to judgment without taking the statutory steps
to bring in the successors in interest. Gamble v. Daugh-
erty, 71 Mo. 599. The same rule of law applies to one of
the defendants. Cole v. Parker-Washington Co., 276 Mo.
220. (7) Upon the death of one of several respondents
after the cause is submitted in the appellate court, such
death must be suggested. If the cause is reversed and
remanded the heirs or legal representatives of the de-
ceased person should be made parties in the trial court,
and brought in by summons. Sec. 1506, R. S. 1919; Prior
v. Kiso, 96 Mo. 303; Reed v. Colp, 213 Mo. 577, 581. See
also: Reineman v. Larkin, 222 Mo. 156, 162; Edwards
v. Watson, 258 Mo. 637; Remmers v. Remmers, 239 S. W.
509; Jeffries v. Flint, 55 Mo. 29.

SMALL, C.—This case was here before (299 Mo.
147) and was brought by plaintiff against John Busha-
kra and Salima Bushakra, his wife, and C. W. German,
Trustee, to set aside a note held by said defendant Sa-
lima for $2800, secured by deed of trust on certain real
estate in Kansas City, and also to set aside the convey-
ance of said property from said John Bushakra to her
and by her to others who executed to her said note and
deed of trust, as in fraud of plaintiff's rights as a judg-
ment creditor of said John Bushakra.

The lower court held against plaintiff and that said
$2800 note and deed of trust were a valid incumbrance
on said property as against the plaintiff, but on appeal
to this court we reversed said judgment, holding that
said note and deed of trust were fraudulent and void
as against plaintiff, as claimed by him, and directed the

lower court to enter judgment for plaintiff subjecting said property to the plaintiff's judgment, subject to the dower of said Salima in said real estate.  Our mandate was as follows:

"We therefore reverse the judgment, with directions to the lower court to set aside its judgment herein, and enter up judgment for plaintiff, as prayed in his petition, but reserving to the defendant Salima Bushakra her right of dower in said property, as the wife of defendant John Bushakra, and that said property be sold to satisfy plaintiff's judgment, or so much thereof as remains unpaid as the property of said John Bushakra, subject to his said wife's right of dower."

After our mandate reached the circuit court and on August 27, 1923, that court entered judgment for plaintiff, as commanded by our said mandate.  Said judgment also recited that plaintiff "now suggests the death of defendant John Bushakra on or about the 20th day of May, 1923, after the hearing and submission of said cause on January 5, 1923, in the Supreme Court on plaintiff's appeal herein."  Within four days after entry of said judgment, the defendants, Salima Bushakra and C. W. German, trustee in said deed of trust, filed a motion for new trial and in arrest of judgment, which was, on October 20, 1923, sustained "for the reason that there has been no revivor of this cause as to defendant John Bushakra.  It is therefore ordered by the court that the decree rendered in this cause be, and same is, set aside and for naught held and that this cause be and the same is hereby re-instated on the docket of this court."  From this action of the court the plaintiff again appealed to this court.

I.    The action of the court was obviously erroneous. The statute (Sec. 1506, R. S. 1919) provides as follows:

Revivor: After Submission.

"If there be several appellants or plaintiffs in error, and one or more of them die after the cause is submitted, or if there be several appellees or defendants in error, one or

more of whom shall die after the cause is submitted, the appeal or writ of error shall not thereby abate, but in either of such cases such death shall be suggested on the record, and the cause shall proceed at the suit of the surviving appellant or plaintiff in error, or against the surviving appellee or defendant in error, as the case may be."

Under this Statute it has often been held that a cause need not be revived against the representatives of one of several appellants or appellees who die after the submission of the cause in this court, but in that event where his death has been suggested the surviving appellants or appellees, as the case may be, represent the decedent and the cause may proceed to judgment in this court the same as if no such death had occurred. [Hunleth v. Leahy, 146 Mo. 415; Reed v. Colp, 213 Mo. 577; Reineman v. Larkin, 222 Mo. 156.]

II.  If no revivor need be made in such cases upon the suggestion of the death of one of several appellants or appellees we see no practical function that such suggestion can perform or office it can fulfill.  The provision as to suggesting the death of one of such several appellants or appellees after the cause is submitted is therefor simply directory because no action of any kind is required to be taken by the court or the parties upon such suggestion and the surviving co-appellants or co-appellees by virtue of the statutes represent the decedent.

*Directory Statute.*

III.  Furthermore, if it was anybody's duty to suggest the death of said John Bushakra after the cause was submitted in this court, it was as much the duty of his surviving co-appellees as that of the appellant and a failure to suggest his death in this court or object to our judgment because it was not suggested during the term at which the cause was decided, waived the error, if any there was, in failing to suggest it before the cause was decided by us.

*Waiver.*

IV. Furthermore, a circuit court has no jurisdiction over a cause after it is appealed to this court, except to obey the mandate of this court, which, in this case, was to enter judgment as prayed in the plaintiff's petition subjecting the property to plaintiff's judgment subject to the widow's dower. This is elementary and necessary to the proper functioning of this court as a court of final appellate jurisdiction. [Rees v. McDaniel, 131 Mo. 681-82; Powell v. Bowen, 240 S. W. 1085-87; Stump v. Hornback, 109 Mo. 277.] This the learned lower court did in rendering judgment pursuant to our mandate on August 27, 1923, but was in error in subsequently, on October 20, 1923, sustaining the motion for new trial of defendant Salima Bushakra and C. W. German, trustee, and setting aside the decree previously rendered in said cause and re-instating the same on the docket of said court.

We therefore reverse the order of said court appealed from, with directions to said court to set aside said order and re-enter and re-instate its judgment of August 27, 1923, enforcing and carrying out our mandate in said cause. *Lindsay, C.,* concurs.

PER CURIAM:—The foregoing opinion by SMALL, C., is adopted as the opinion of the court. All of the judges concur.