EDWARD PRASSE v. CORA PRASSE, Appellant.—115 S. W. (2d) 807.

Division One, April 22, 1938.

*Chilton Atkinson* and *Emerson Baetz* for appellant.

*Taylor R. Young* and *Oscar J. Mudd* for respondent.

DOUGLAS, J.—This case is here on second appeal. It commenced when plaintiff filed a bill in equity against defendant, his wife, in which he claimed that a partnership existed between them and prayed that property in the name of defendant be declared partnership property; that an accounting be had; that certain properties and monies be divided between them, and for other relief. The circuit court found in favor of the plaintiff. On the previous appeal to this court the judgment entered below was reversed in every respect. We also decided that the plaintiff was entitled to recover certain funds; to the impressment of a lien on certain property to secure the payment of the same; and to be indemnified against liability on an indebtedness secured by an existing deed of trust. [Prasse v. Prasse (Mo.), 77 S. W. (2d) 1001.] We remanded the cause for further proceedings in accordance with such findings. Upon the mandate being transmitted to the court below, it entered judgment for plaintiff against defendant in strict accordance with the above finding whereupon the defendant has appealed.

Appellant objects because no hearing or trial was had by the circuit court before the entry of its judgment on our mandate. As the directions of the mandate were specific and called for no further trial the circuit court was not required to give any notice or grant any hearing before entering the judgment as directed. [Young v. Thrasher, 123 Mo. 308, 27 S. W. 326.]

Appellant next objects to the entry by the trial court of that part of the judgment awarding respondent the funds allowed him by our mandate together with the lien and indemnification on

the ground that our mandate was erroneous and void, as it granted respondent relief beyond the issues raised by the pleadings and that appellant has thereby been unconstitutionally deprived of her property.

Such an attack upon our findings is ordinarily made by a motion for rehearing or by a motion to modify our opinion filed during the same term in which our decision is handed down because the power to amend or modify the opinion ceases with the end of the term. [Aetna Insurance Co. v. Hyde, 327 Mo. 115, 34 S. W. (2d) 85.] In this case however the attack is made in the circuit court against its *entering* the judgment ordered by our mandate. [3] It is true that a void judgment entered by a circuit court according to our direction may be attacked like any other void judgment in a proper proceeding but not until after it has been *entered*. A court can speak only through its records and it is necessary to enter a judgment in order to give it vitality. [State ex rel. Sheridan Publishing Co. v. Goodrich, 159 Mo. App. 422, 140 S. W. 629.] By way of illustration we might point out that an attack upon the sufficiency of a petition would not be countenanced until after the petition was filed in court.

Appellant relies on the case of Ralph v. Annuity Realty Co., 325 Mo. 410, 28 S. W. (2d) 662. The question for decision in that case was one of *res adjudicata*. There is no such question in this case. It is sufficient to say that everything stated in the opinion in that case must be considered in the light of the question there involved and accordingly is not applicable here. Of course a trial court has the inherent power to determine upon a challenge the validity of a judgment entered at our direction "when called upon to enforce the mandate thereof." [Ralph v. Annuity Realty Co., supra, l. c. 419.]

The propriety of entering the judgment by the circuit court cannot be tested on this second appeal. Specific directions were given the trial court which finally disposed of the controversy so that nothing was left to the judicial discretion of the trial court. Its only duty was to comply with the directions of this court. We have long announced the rule that after a cause is remanded with specific directions to enter a specified judgment the trial court may do naught but conform to the directions given it. The reason for this rule is obvious. Justice demands that the litigation of a controversy must reach an end. After a case has been finally determined by this court it is fundamental that the trial court is bound to follow our directions. After it has done so, then to permit the same controversy to be kept alive and to be repeatedly shuttled back to this court for further review and back to the trial court for further action would interminably postpone its reaching an end. Support-

ing this rule we find: Hurck v. Erskine et al., 50 Mo. 116; Shroyer v. Nickell, 67 Mo. 589; Chouteau v. Allen, 74 Mo. 56; Young v. Thrasher, 123 Mo. 308, 27 S. W. 326; Stump v. Hornback, 109 Mo. 272, 18 S. W. 37; Rees v. McDaniel, 131 Mo. 681, 33 S. W. 178; State ex rel. Bauer v. Edwards, 144 Mo. 467, 46 S. W. 160; Tourville v. Wabash Railroad Co., 148 Mo. 614, 50 S. W. 300, 179 U. S. 322, 45 L. Ed. 210; Scullin v. Railroad, 192 Mo. 1, 90 S. W. 1026; Viertel v. Viertel, 212 Mo. 562, 111 S. W. 579; Keaton v. Jorndt, 259 Mo. 179, 168 S. W. 734; Meyer v. Bobb (Mo.), 184 S. W. 105; Essey v. Bushakra, 304 Mo. 231, 263 S. W. 405; Meyer v. Goldsmith (Mo.), 196 S. W. 745; Powell v. Bowen (Mo.), 240 S. W. 1085; Gary Realty Co. v. Swinney, 317 Mo. 687, 297 S. W. 43; Hoelzel v. Chicago, R. I. & P. Ry. Co., 340 Mo. 793, 102 S. W. (2d) 577.

In furtherance of this rule that it is the duty of the trial court only to enter the judgment as directed, this court has held that mandamus will properly issue to the trial judge to enter judgment as directed by our mandate. [State ex rel. Carson v. Lamb (Mo.), 232 S. W. 983; State ex rel. Robertson v. Kelly, 293 Mo. 297, 239 S. W. 867; Powell v. Bowen (Mo.), 240 S. W. 1085; State ex rel. Dixon v. Givan, 75 Mo. 516.] A mandate from an appellate to a trial court has been held to be in the nature of a special or limited power of attorney. By it authority and jurisdiction is granted to the lower court to take such steps as are directed. [Chouteau v. Allen, 74 Mo. 56, supra; Hoelzel v. Chicago, R. I. & P. Ry. Co., 340 Mo. 793, 102 S. W. (2d) 577, supra.]

It must be borne in mind that this case does not occupy the same status as one which had been reversed and remanded generally where under certain circumstances on second appeal the right of revising the opinion has been exercised. Here the case was remanded with specific directions to enter a certain judgment. After the trial court entered the judgment specified and this appeal was taken from that judgment then the only question now before us for consideration is whether or not the judgment entered by the trial court was in conformity with our mandate. [Hecker v. Bleish, 327 Mo. 377, 37 S. W. (2d) 444, supra; Meyer v. Bobb (Mo.), 184 S. W. 105, supra; State ex rel. Robertson v. Kelly, 293 Mo. 297, 239 S. W. 867, supra; Stump v. Hornback, 109 Mo. 272, 18 S. W. 37, supra.]

In Booth v. Scott, 240 S. W. 217, this court en banc, upon consideration of a second appeal in which the only error assigned was the entering by the trial court of the judgment ordered by this court said: "Our review, therefore, must be limited to a consideration of the circuit court's action in the entry of its judgment

upon our mandate. We have uniformly so held. To rule otherwise would render a finality in litigation next to impossible.''

The judgment of the trial court was in conformity with the mandate of this court. It was the only judgment which it had authority to enter. It should be affirmed. It is so ordered. All the judges concur, except *Hays, J.,* absent.