**STATE of Missouri, Respondent,**

v.

**Lewis JONES, Appellant.**

**No. 38190.**

Missouri Court of Appeals,
St. Louis District,
Division One.

April 26, 1977.

Motion for Rehearing or Transfer
Denied June 9, 1977.

Application to Transfer Denied
July 11, 1977.

Robert C. Babione, Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Defendant has appealed the trial court's judgment *re-imposing* consecutive sen-
tences of life imprisonment and five years for murder and robbery. These consecutive sentences were originally imposed in 1975 without the court having indicated that the consecutive nature of the sentences was discretionary. On appeal (*State v. Jones,* 534 S.W.2d 556 (Mo.App.1976)) we ruled: "The judgment is reversed and the case is remanded for the limited purpose of re-sentencing by the court, in an exercise of its discretion whether to impose the sentences consecutively or concurrently." On May 19, 1976, with the defendant appearing in person and with counsel, and the state by counsel, the trial court took up the matter of sentences and exercising its discretion imposed consecutive sentences of life imprisonment for murder and five years' imprisonment for robbery.

Defendant has appealed, contending the consecutive sentences violate his right against double jeopardy. That issue is not before us. As ruled in *Prasse v. Prasse,* 342 Mo. 388, 115 S.W.2d 807[8] (1938): "After the trial court entered the judgment specified and this appeal was taken from that judgment, then the only question now before us for consideration is whether or not the judgment entered by the trial court was in conformity with our mandate." (Citing cases).

So it is here. We remanded the case with our mandate to exercise discretion and to determine whether to impose the sentences concurrently or consecutively. The only reviewable question on this appeal is whether the trial court complied with our mandate. Since the defendant does not question compliance, and since the record of the resentencing shows the trial court did comply, there is no basis for the present appeal.

Judgment affirmed.

DOWD and WEIER, JJ., concur.