MASON v. CROWDER, *Plaintiff in Error.*

MASON v. BLACK, *Plaintiff in Error.*

**Practice.** When a case is reversed and remanded by the supreme court with directions, and the lower court fails to observe said directions, the case will again be reversed and remanded.

Mason v. Crowder.

*Error to Daviess Circuit Court.*

REVERSED AND REMANDED.

*Critlenden, McDougal & Stiles* for plaintiff in error.                                    •

The trial court erred in following the original opinion in the attempt to adjust rights of those under and through whom Crowder claimed title, as they were not parties to the suit. See *per curiam* opinion on rehearing. *Mason v. Black*, 87 Mo. 347-8.

*Rush & Ewing* for defendant in error.

PER CURIAM.—These cases were here before and are reported as *Mason v. Black*. 87 Mo. 331. The circuit court had dismissed the plaintiff's petition, and that judgment we reversed, and we remanded the causes with directions. Subsequently we set aside the judgment of this court and then again reversed the judgment of the circuit court, and remanded the causes with directions different in some respects from those first given. The circuit court, on the return of the cases, proceeded to and did enter up a full decree without the production of any evidence. In this there was error. Our last judgment decreed the title to be in the plaintiff, even as against defendant, but as to any other and further relief, we remanded the causes to be tried anew, on such evidence as the parties might produce, according to the principles of law asserted in the opinion first filed. Of course the court cannot decree title out of persons who are not before it, but it can divest defendant of any apparent title he may have or cancel the deeds which are a cloud upon the plaintiff's title. The trial court doubtless misunderstood the judgment last entered by this court. The judgment must therefore be again reversed and the causes remanded for further proceeding, and it is so ordered. All concur.