THE STATE ex rel. ACHILUS E. ROBERTSON et ux. v. FRANK KELLY, Judge.

In Banc, April 6, 1922.

1. **REVERSAL AND REMANDMENT WITH DIRECTIONS:** Enforcing Obedience by Trial Court: Mandamus. Where an appellate court reverses the judgment of a trial court and remands the cause with specific directions as to the judgment to be entered by the trial court, obedience to such directions can be enforced by mandamus from the appellate court at the instance of the party in whose favor such judgment was directed to be entered.

2. ———: ———: **Second Appeal.** In such case the party in whose favor such judgment was directed to be entered may, at his election, prosecute an appeal from the judgment entered by the trial court in disobedience to such directions and thus secure a second direction to the trial court, instead of resorting to mandamus. [Meyer v. Goldsmith, 196 l. c. 746, contra, disapproved.]

3. ———: **Power of Trial Court.** Where an appellate court reverses the judgment of a trial court and remands the cause with specific directions as to the judgment to be entered, the trial court has no power to enter any other judgment or to consider or determine other matters not included in the duty of entering the judgment as directed.

## Mandamus.

PEREMPTORY WRIT GRANTED.

*Andrew W. Hunt* for relator.

Respondent is in duty bound to obey the specific directions of the Supreme Court; neither he nor the

Circuit Court of Mississippi County has authority, juris-
diction or power to disobey them; and in this case he
disobeyed. Chouteau v. Allen, 74 Mo. 56; McLure v.
Natl. Bank, 263 Mo. 128; St. Louis v. United Rys., 263
Mo. 387; State ex rel. Wattenbarger v. Lamb, 174 Mo.
App. 360; Chand, Res Judicata, p. 613; Bryan v. Mc-
Caskill, 225 S. W. 682.

*Henson & Woody* for respondent.

(1) Relator, as Judge of the Circuit Court of Mis-
sissippi County, had jurisdiction and authority, under
the mandate, to render the judgment he did render, and
said judgment was just, equitable and proper under the
pleadings. Fanning v. Doan, 146 Mo. 98; Kline v. Vogel,
90 Mo. 239; Yeaman v. Lepp, 167 Mo. 61; Williams v.
Sand, 251 Mo. 147; 32 Cyc. 1382-3; Thompson v. Thomp-
son, 73 N. W. (Nebr.) 943; Miller v. Cook, 135 Ill. 190;
Cravens v. Moore, 61 Mo. 178; State ex rel. v. Edwards,
144 Mo. 467. (2) Since the judgment of which com-
plaint is made, or that part of it dealing with the matter
of taxes and purchase price, could have been reviewed
on appeal or writ of error, relators are not entitled to
this extraordinary writ. State ex rel. v. Thurman, 232
Mo. 164-5; State ex rel. v. Fort, 180 Mo. 108-109; State
ex rel. v. McKee, 150 Mo. 243-244; State ex rel. v. Coun-
ty Court, 109 Mo. 248; State ex rel. v. Field, 107 Mo.
445; State ex rel. v. County Court, 197 S. W. 347; State
ex rel. v. Grimm, 178 S. W. 117; State ex rel. v. Robin-
son, 257 Mo. 59. (3) Relators, not being the real parties
in interest, cannot maintain this action. R. S. 1919, sec.
1155.

JAMES T. BLAIR, C. J.—This is a proceeding by
mandamus to compel the judge of the Circuit Court of
Mississippi County to enter judgment in accordance with
the directions given by this court in reversing the judg-
ment and remanding the cause in Bryan v. McCaskill,
284 Mo. 583. The facts in that case need not be restated

in this but may be found in the decision cited. Most of these facts are stated in the alternative writ. The directions to the trial court to which reference has been made are as follows: "The judgment of the Mississippi Circuit Court is accordingly reversed and the cause remanded to said court, with direction to enter in proper form its judgment declaring these appellants, Robertson and wife, to be the owners in fee by the entirety of the north half of Section 10, Township 28 of Range 11, and that this respondent has no right, title, nor interest therein." This decision was concurred in by all the judges in Court in Banc. The mandate was filed in the trial court in due course.

February 14, 1921, George A. Burr, who had been one of the contending and unsuccessful defendants in this court, was permitted by the trial court to file an amended answer in which he averred that he had paid $75 for the land in question and, since 1916 had, in good faith, paid taxes amounting to $3,184.55, and asked judgment therefor, and that it be decreed to be a lien on the land. Robertson and wife thereafter moved the court to enter judgment in accordance with the mandate and directions of this court. This motion was overruled. The trial court then took up the issues tendered by the amended or new answer of Burr and heard Burr's testimony. Robertson and wife refused to participate in this proceeding. As a result of the hearing the court rendered a judgment which declared the title in the land in question to be vested in Robertson and wife and, in addition, adjudged that Burr was entitled to recover $3,184.55 for taxes paid "to protect the title to said land and extinguish liens thereon." This sum was, by the judgment rendered, made a lien on the land as prayed in Burr's amended answer. Burr's pleadings in the case prior to the judgment in November, 1920, in this court, did not set up any claim for taxes paid. No motion for rehearing was filed in that case after the reversal and remandment in 1920, and no claim made in this court that Burr had any equities

arising out of any payments made by him in the interim between the appeal and the decision mentioned.

I. It is argued that mandamus will not lie since relators might have appealed. The rule of this court is that when a judgment is directed by an appellate court it is "the imperative duty" of the trial court to enter it as directed. [State ex rel. Carson v. Lamb, 232 S. W. l. c. 984.] In that case the alternative writ was made peremptory. (a) When an appellate court directs a specific judgment and its direction becomes final and the trial court fails or refuses to comply with the direction it may be that the futility of the first

Mandate to Trial Court: Obedience Enforced by Mandamus.

direction might incline the court to lean to some remedy other than a second direction, on appeal, which could have no sanction to enforce compliance with it which did not accompany the first mandate issued. The "remorseless regressus" has no greater claim to welcome in the courts than elsewhere. (b) We do not hold that an appeal will not lie. In a long list of cases this court has held that it will lie, but that the sole question reviewable is whether the judgment entered conformed to the judgment directed to be entered. If it did, the judgment here has been one of affirmance (except in a case to be noted); and if it did not, the judgment here has been one of reversal and remandment, which could not have been the rulings if an appeal did not lie. [Shroyer v. Nickell, 67 Mo. 589; Chouteau v. Allen, 74 Mo. 56; Mason v. Crowder, 98 Mo. 352; Stump v. Hornback, 109 Mo. l. c. 277; Rees v. McDaniel, 131 Mo. 681; State ex rel. Bauer v. Edwards, 144 Mo. 467; Keaton v. Jorndt, 259 Mo. l. c. 190; Barrett v. Stoddard County, 272 Mo. l. c. 134.]

The only case which is brought to our attention in which a different ruling was made is Meyer v. Goldsmith, 196 S. W. l. c. 746. In that case it was said that "there is no appeal from a judgment entered in accordance with the mandate of an appellate court to which a case after

State ex rel. Robertson v. Kelly.

trial has been appealed.'' The decisions cited in support of this holding are Scullin v. Railroad, 192 Mo. 1, and Meyer v. Bobb, 184 S. W. 105. The general rule was applied in both these cases, and the judgment in each was affirmed. Neither supports a ruling that such a second appeal is to be dismissed. In Meyer v. Bobb, it was held, as in other decisions, that there was a question for appellate review on such second appeal, following a directed judgment, to-wit, ''Whether or not the trial court did follow the directions of the mandate.'' The actual result reached in Meyer v. Goldsmith was the same which would have been reached had the judgment been affirmed in accordance with the precedents. No harm was done. Nevertheless, that decision should no longer be followed on this point.

(c)  If a litigant desires to appeal from a judgment entered upon directions from an appellate court, he may do so. He can then have the question stated in Meyer v. Bobb reviewed and, perhaps, secure a second direction. If he is not willing to take the chance that a second direction will meet the fate of the first, requiring a third appeal, etc., he is entitled, under our practice, as shown by the citations already made, to a writ of mandamus enforcing the first direction, if it was not followed. [State ex rel. Carson v. Lamb, supra; State ex rel. Wattenbarger v. Lamb, 174 Mo. App. l. c. 370.]

II.  It is unnecessary to determine whether a different direction might have been given if a motion for rehearing had presented the matters introduced by the amended answer referred to, nor to decide whether there are other means whereby Burr may secure relief, if he is in good conscience entitled to it. The mandate contained specific directions. The ''court had no power to enter any other judgment, or to consider or determine other matters not included in the duty of entering the judgment as directed.'' [Stump v. Hornback, 109 Mo. l. c. 277; Young v. Thrasher, 123 Mo. l. c. 312; and other cases cited under I (b), supra.]

*Mandate with Specific Directions: Power of Trial Court.*

The alternative writ is made peremptory. All concur; *Higbee* and *David E. Blair, JJ.*, in result.