ADA ADAMS v. MELVIN ADAMS, DELLA ADAMS, ROY ADAMS, MAY FOWLER, PEARL COOK, CLARENCE ADAMS, GEORGE ADAMS, BERTHA ADAMS, ELLA ADAMS, HOLLIE ADAMS, OPAL ADAMS AND LAURA JANE ADAMS, Appellants.—No. 38173.—165 S. W. (2d) 676.

Division One, November 10, 1942.

*Spradling & Spradling* for appellant.

*J. Grant Frye* and *Gerald B. Rowan* for respondent.

**CLARK, J.**—An opinion on a former appeal in this case was adopted in Division Two of this court and is reported in 348 Mo. 1041, 156 S. W. (2d) 610.

This is a suit for partition and sale of real estate in which respondent is plaintiff and appellant is one of the defendants. On the former trial in the circuit court, appellant filed answer alleging that he had furnished the money to purchase and improve the real estate and had paid the taxes thereon for a number of years, and praying that appellant be decreed the owner by virtue of a resulting trust. In the alternative, the answer asked credit for the taxes paid. The circuit court denied appellant's claim to a resulting trust and refused credit for taxes paid by appellant prior to the death of his mother, the holder of the record title, but allowed credit for such taxes paid after that time. On appeal this court approved the ruling of the circuit court in denying appellant's claim to a resulting trust, but held that appellant was entitled to reimbursement for taxes paid before as well as after his mother's death. We also agreed with the conclusions reached by the Supreme Court of Arkansas in Walker v. Eller, 178 Ark. 183, 10 S. W. (2d) 14, under which appellant would also have been entitled to recover money paid by him in improving the real estate, if he had asked for same in his answer. In the opinion we said:

"He did not ask an accounting for improvements in this case, but did for taxes he had paid, . . . We hold an accounting should be made of all taxes . . . shown by this record to have been paid by appellant both before and after the mother's death in 1935."

We then stated that the case should be reversed and remanded for another reason, ▮▮▮ to wit, that the respective shares of the parties in the real estate were incorrectly stated in the judgment, and concluded the opinion with this sentence:

"The cause is reversed and remanded for further proceedings in partition not in conflict herewith."

When our mandate went to the circuit court the cause was redocketed and appellant asked leave to file an amended answer, praying reimbursement for taxes and improvements and for a lien for same. Respondent objected on the ground that our opinion and

154

mandate did not contemplate a new trial, but only permitted the court to compute the taxes paid by appellant before his mother's death, and add them to the taxes which the record showed he paid after that time and declare a lien for the aggregate amount.

The court sustained this objection and entered judgment for partition and sale of the real estate with a lien in favor of appellant for all taxes shown by the record to have been paid by him. Appellant filed a motion to set aside the order refusing him permission to file the amended answer, which was overruled by the court and appellant again appealed to this court.

Respondent has filed a motion to dismiss the appeal for alleged imperfection of appellant's abstract, but we hold the abstract substantially complies with our rules.

Respondent also contends that we should not consider the case on the merits because no motion for a new trial was filed, but we think the motion heretofore mentioned, asking the court to set aside its order refusing appellant permission to file an amended answer, was, to all intents and purposes, a motion for new trial.

In the case of Sheppard v. Wagner, 240 Mo. 409, 144 S. W. 394, the opinion closed with the words: "Judgment reversed and cause remanded to be proceeded with according to the views in this opinion expressed." On a motion for rehearing, in an opinion by Judge Graves, this court held that the language quoted did not prevent a retrial in the circuit court, saying: "Our judgment was not a remanding of the cause with directions to enter any specific judgment, nor to proceed in any particular way."

In Wilcox v. Phillips, 260 Mo. 664, l. c. 677, 169 S. W. 55, in an opinion by Judge Lamm, we approved Sheppard v. Wagner and said: "Nor, closer home, is there anything in the phrase employed by us in remanding this case when here before, to wit, 'to be proceeded with therein in accordance with this opinion,' which forecloses the right to amend, to raise new issues, and to have the case on a second appeal determined on a record presented by such second appeal."

The closing language of our former opinion did not direct a specific judgment nor prevent the trial court from permitting appellant to amend his answer, but respondent calls our attention to the fact that she filed a motion to modify our former opinion, stating that it left it "uncertain as to whether a new trial should be had or whether or not the trial court should simply account for all taxes shown by the printed abstract of the record and give appellant credit therefor." Our records show the motion was sustained and the opinion modified by the change of only one word. In our former opinion as first written, one of the sentences above quoted read: "We hold that an accounting should be made of all taxes shown by *the* record" etc. As modified, the italicized word "the" was changed to "this."

By the modification we did not intend to limit or clarify the formula by which our opinion closed, but only to say that we were announcing our conclusions on "this" record, that is, the record then before us.

Our opinion held that appellant should be reimbursed for taxes paid before as well as after his mother's death. It also indicated that he would have been entitled to reimbursement for improvements if he had prayed for same in his answer. There was nothing in our opinion or mandate to prevent the trial court from exercising a judicial discretion to permit appellant to amend his answer. The record now before us shows that the trial judge refused such permission under the mistaken view that he was prevented by our opinion. Accordingly, the judgment is hereby reversed and cause remanded so that the trial court may exercise such discretion as to the filing of an answer to cover improvements as well as taxes, and for further proceedings not inconsistent with this or our former opinion.

All concur except *Hays, J.*, absent.