STATE of Missouri ex rel. VERNON COUN-
TY REORGANIZED SCHOOL DIS-
TRICT NO. I, Relator,

v.

O. O. BROWN, Judge of the Circuit Court of
Vernon County, Missouri, Respondent.

No. 22770.

Kansas City Court of Appeals.

Missouri.

May 5, 1958.

Don Kennedy, Nevada, for relator.

Ray E. Watson, Charles D. Tudor, Watson & Tudor, Joplin, Everett E. Teel, Nevada, for respondent.

BROADDUS, Presiding Judge.

This is an original proceeding in mandamus against respondent as judge of the Circuit Court of Vernon County.

On August 30, 1956, in a case entitled Walker Reorganized School District R-4 v. Flint and Vernon County Board of Education, and Vernon County Reorganized District No. I, Intervenor, the respondent entered a judgment declaring that an area formerly comprising Coal Creek Common School District had become, by virtue of certain annexation proceedings, a part of the plaintiff, Walker District. Vernon County Reorganized District No. I, intervenor there and relator here, had claimed the area and it took an appeal from that judgment to this court.

On May 6, 1957, this court reversed the judgment and remanded the cause to the trial court "with directions that it enter its findings and judgment in accordance with the findings and declarations of this opinion." Our opinion appears in 303 S.W. 2d at pages 200–208. On May 20, 1957, Walker District filed its motion for rehearing, which was overruled on June 3, 1957. Our mandate was filed in the Circuit Court of Vernon County on July 17, 1957.

On September 3, 1957, the circuit court, of which the respondent was the Judge, entered its judgment reciting "that the Kansas City Court of Appeal has filed herein its mandate in the above entitled cause.

"Now, therefore, in compliance with said mandate, the court doth enter herein the following judgment, order and decree: That the judgment entered in said cause on August 30, 1956 is hereby set aside, annulled and for naught held: That the area comprising former Vernon County Common School District No. 37 otherwise known as Coal Creek Common School District, is and had been at all times since June 28, 1956, part of and under the jurisdiction of intervenor Vernon County Reorganized District R-1: That plaintiff Walker Reorganized School District R-4 has no claim to or jurisdiction over said Vernon County Common School District No. 37: * * *."

The Walker District stood by and made no objection to the entry of the judgment. Then on September 17, 1957, Walker District (having employed additional counsel) filed a motion to set aside the judgment of September 3rd and reinstate the cause on the trial docket upon the grounds that "1. The mandate and opinion of the Kansas City Court of Appeals reversed the judgment of this Court made and entered August 30, 1956, in this case and remanded the cause for findings and judgment in accordance with the findings and declarations of the opinion of the Kansas City Court of Appeals.

"2. That the judgment entered by this court on August 30, 1956, was made as a result of a motion by the plaintiff for judgment on the pleadings and stipulated facts and the opinion of the Kansas City Court of Appeals has the effect of overruling this motion and leaves the issues in this case as they were prior to such motion, that is, with the case ready for trial on the merits.

"3. The plaintiff herein has not been afforded an opportunity to present his entire case to this Court so that the Court can determine the issues and make findings in accordance with the opinion and mandate of the Kansas City Court of Appeals."

On September 30, 1957, respondent heard the motion, sustained the same, set aside the judgment of September 3rd and placed the cause on the trial docket. Thereupon Vernon County Reorganized District No. I filed in this court its petition for a writ of mandamus ordering respondent to set aside the order of September 30 and re-enter the judgment of September 3rd. The alternative writ was granted and respondent filed his return. Relator filed a motion for judgment on the pleadings. In our original opinion we said:

"We proceed to consider the merits of the contentions raised by intervenor; namely, (1) That the Vernon County Board of Education took the first jurisdictional step to include the Coal Creek District in intervenor's district and thereby pre-empted the jurisdiction over the area; (2) That the annexation election of May 3, 1956, was void in that it had not been ordered by the Board of Directors of Coal Creek District, and (3) That the annexation election of May 10, 1956, was void because it was not called by the Board of Directors of Coal Creek District acting upon a petition requesting such election signed by ten qualified voters of such district."

The Walker District undertook to answer those contentions. It made no claim that it had not been afforded an opportunity to present its entire case. We closed our opinion by saying:

"We are compelled to conclude that plaintiff (Walker District) has failed to sustain its burden of proof that a petition in conformity with the statutory requirements had been presented to the board. (Citing cases.)

"The record is such that upon plaintiff failing to sustain this burden of proof intervenor is the one who must be held to have validly acquired the Coal Creek District. Plaintiff has ad-

mitted and stipulated facts which in effect concede that in the absence of it having pre-empted jurisdiction of the Coal Creek District by having taken the first valid step to accomplish its annexation on or before April 17, 1956, then the action taken by the Vernon County Board of Education, in approving a reorganization plan which included the Coal Creek School District, pre-empted jurisdiction over that district for intervenor, and that through the subsequent action and election of June 28, 1956, it eventually became a part of intervenor's territory.

"Having reached this conclusion it becomes unnecessary for us to consider any of the other numerous contentions raised by the parties.

"For the reasons stated herein, we reverse and remand this cause to the trial court with directions that it enter its findings and judgment in accordance with the findings and declarations of this opinion."

The sole issue in this case is, respondent says, whether the opinion and mandate handed down by this court in the Walker case required respondent to enter a specific judgment in favor of relator or whether respondent was vested with a discretionary judicial duty in accordance with the principles of law expressed in that opinion. We think our opinion is capable of only one interpretation and that is that the trial court was, without any further hearing of any sort, to enter up a judgment declaring that from June 28, 1956, the disputed Coal Creek District was a part of Intervenor Reorganized District No. I. Respondent evidently so understood the opinion, for on September 3 he entered up a judgment for the intervenor without a further hearing. The attorney for the Walker District evidently so understood it, for he stood by and raised no objection to the entry of the judgment.

The cases of Adams v. Adams, 350 Mo. 152, 165 S.W.2d 676, Wilcox v. Phillips,

260 Mo. 664, 169 S.W. 55, and Sheppard v. Wagner, 240 Mo. 409, 442, 145 S.W. 420, relied upon by respondent, do not aid him. This because the closing language of our former opinion directed the entry of a specific judgment for relator.

It follows that our peremptory writ of mandamus should issue. It is so ordered. All concur.