**STATE of Missouri, at the Relation of E. M. STITES, Relator,**

v.

**Honorable Arthur U. GOODMAN, Jr., Judge of the Circuit Court of Dunklin County, Missouri, Respondent.**

No. 48846.

Supreme Court of Missouri,

En Banc.

Nov. 13, 1961.

Rehearing Denied Dec. 11, 1961.

James A. Finch, Jr., Finch, Finch & Kne-hans, Cape Girardeau, John Hall Dalton, Dalton & Treasure, Kennett, for appellant.

Joe Welborn, Briney & Welborn, Bloom-field, for respondent.

STORCKMAN, Judge.

This is an original proceeding in manda-mus to compel the Circuit Judge of Dunklin County to render judgment in accordance with the mandate of this court in Bloom-field Reorganized School District No. R–14, Stoddard County, Missouri v. Stites, Mo., 336 S.W.2d 95. The defendant in that case, E. M. Stites, undertook to erect a combina-tion gymnasium and music building for the plaintiff school district under a written con-tract. The relator here is the defendant E. M. Stites. The parties will be generally referred to as they were denominated in the reported case. Controversies having arisen, the plaintiff school district filed suit for pos-session of the building claiming that the defendant Stites had violated the construc-tion contract. On March 9, 1959, the trial court rendered judgment for plaintiff for possession, for liquidated damages against the defendant in the sum of $7,000 and for a credit of $4,344 in favor of the plaintiff for ·replacement of the roof in accordance with the stipulation of the parties. The trial court held that the defendant was entitled to recover 95 per cent of the contract price of $276,247 and $1,798.68 for extra work done. Giving effect to the debits and credits and the amounts paid by plaintiff on account of the contract price, the trial court ren-dered a net judgment in favor of defendant for $774.68. From this judgment the de-fendant appealed to the Supreme Court.

On May 9, 1960, the Supreme Court ren-dered its judgment reversing the judgment and remanding the cause with directions to enter judgment in accordance with the opinion of the court. The opinion decided that the plaintiff was entitled to retain $7,-000 as liquidated damages and $4,344 for the roof and that the defendant was entitled to $1,798.68 for extra work, all as found by the trial court. The Supreme Court found, however, that the architect had certi-fied that the building was substantially com-plete, that the plaintiff had thereafter taken the building over and was using it, and that the defendant was entitled to the full con-tract price plus the amount due for extra work less the amounts paid on account, the other items of credit, and the sum expended by the plaintiff to complete the building. The motion for rehearing or to transfer to the court en banc was overruled June 13, 1960, and the mandate was issued accord-ingly.

Thereafter, the defendant filed in the Cir-cuit Court of Dunklin County his motion for judgment pursuant to the mandate which motion is as follows: "Comes now defendant and states that under the mandate from the Supreme Court of Missouri this cause was remanded for entry of a judg-ment in conformity with the opinion, and he states that under the mandate of the Su-preme Court he is entitled to collect the con-tract price, to-wit: $276,247.00 plus $1,-798.68 for extra work, less payments previ-ously made, to-wit: $252,114.65, and also less liquidated damages in the amount of $7,000.00, the amount paid by stipulation for replacement of a portion of the roof, to-wit: $4334.00, and 'less whatever sum

has, in fact, been expended to finally complete the building.' Defendant states that the facts are that no sums have been expended by plaintiff to complete the building, and that under the court's opinion and mandate, he is entitled to collect the sum of $14,586.99, together with interest thereon at 6% per annum from the time when the school board terminated the contract, to-wit: June 25, 1957.

"Wherefore, defendant prays the court to enter judgment herein in his favor and against the plaintiff for the sum of $14,586.-99, plus interest at 6% per annum from June 25, 1957, together with the sum of $129.10 costs in connection with the appeal which the Supreme Court on July 11, 1960, taxed against plaintiff and in favor of the defendant."

The relator Stites asserts, and there is no denial, that the school district in response to his motion for judgment admitted that it had expended nothing toward completion of the building, but asserted that it intended to do so in the future and requested that judgment be stayed until it did so. On March 27, 1961, the respondent overruled the defendant's motion for judgment. Thereafter, Mr. Stites filed his petition in this court for a writ of mandamus which was sustained, and our alternative writ was issued requiring the respondent "to conduct a hearing to determine and adjudicate what sums, if any, the Bloomfield Reorganized School District No. R–14 had in fact expended as of May 9, 1960, (the date of this court's opinion), to correct defective work and to complete the gymnasium and music building in accordance with the plans and specifications, and further that you render judgment in accordance with the mandate and opinion of this court in Case No. 47,-666," or to show cause. The respondent has filed his return to the writ and the relator has answered the return.

The plaintiff contends that the opinion holds that it is entitled to a "completed building" and apparently assumes that it had an unlimited time to complete the building and claim its credits. Plaintiff's petition, filed July 24, 1957, alleged that it had elected to terminate the contract on July 1, 1957, because of defendant's breaches of contract and that it was "entitled to possession of the same for the purpose of completing the construction of said building." On August 5, 1957, plaintiff filed its ancillary petition for a temporary injunction in which it alleged that the defendant was interfering with the "plaintiff's election and right to complete the construction" of the building and prayed that the defendant be enjoined so that the building could be used for the beginning of the 1957 school year. On August 5, 1957, a temporary restraining order against the defendant was issued. On November 22, 1957, the parties filed a stipulation wherein it was agreed that the plaintiff might enter and commence the use of the building and also stipulated for replacement of the roof at a cost of $4,344 to be charged against the defendant. Trial of the case was commenced in July 1958 and judgment was rendered March 9, 1959. At the beginning of the trial, the plaintiff voluntarily dismissed Paragraph III of its pleadings (in the nature of a counterclaim) wherein it sought $25,000 damages because of defendant's failure "to do the construction work on said building in accordance with the plans and specifications", and because the "defendant did faulty work thereon". Nine items of alleged failures and faulty work were listed.

At the trial the evidence showed that on September 6, 1957, plaintiff's architect, the defendant, and the attorneys for the parties went through the building together and that the architect "made up a list of what remained to be done." This was referred to as the "punch list" and was introduced in evidence as plaintiff's Exhibit Y. No evidence was offered, however, as to the cost of completing the items on the punch

list. As to these items the opinion states, 336 S.W.2d loc. cit. 101: "As of September 21, 1957, the architect compiled a list of items (a punch list) necessary to finally complete the building in accordance with the plans and specifications. Aside from the defective roof (eliminated by the stipulation of the parties) the larger of this long list of items was '5 doors missing,' replacing certain other doors with doors of another type wood, painting in places, grouting certain windows and numerous other small items. The district was entitled to a completed building, including these items, and the list establishes that the building was not complete. Nevertheless the architect had certified, as the contract contemplated, that there was 'substantial completion' of the building. And, although the district had terminated the contract and had possession of the building, there was no proof, even on the date of trial, July 22, 1958, of what it would cost to replace or furnish a single one of the items on the punch list; there was not even proof that any of them had been supplied."

■ · Paragraph III of plaintiff's pleading having been voluntarily dismissed, the items on the "punch list" so far as the record shows, were the only ones needed to make the building conform to the plans and specifications. The architect had certified to the board that the building was substantially complete as of May 21, 1957. The building was substantially complete when it had reached the stage in its construction when it could have been put to the use for which it was intended even though comparatively minor items remained to be furnished or performed in order to make it conform to the plans and specifications of the completed building. Property Owners' Materials Company v. Byrne, Mo.App., 176 S.W.2d 650.

The result is that at the time of the decision of this court on May 9, 1960, the school district had been in possession of the build-

ing for almost three years under an order and agreement relieving, and in fact prohibiting, the defendant from doing anything further with respect to the completion of the building. The items on the punch list were not substantial, and it was to be expected that the plaintiff would have long ago performed such of these items as was desired in order to complete the building if it desired to do so. The decision of this court might very well have ignored these items on the punch list because of the plaintiff's failure to make proof of their reasonable value or the cost of furnishing them. Instead this court undertook to afford the plaintiff an opportunity to claim as a credit such items on the punch list as it had supplied during the time it was in possession and using the building prior to the rendition of the opinion of this court. For this reason, the opinion concludes as follows, 336 S.W.2d loc. cit. 102: " * * * in the state of this record it is not possible to confidently direct the entry of a judgment for the sums precisely due each of the parties. As indicated, the district is entitled to retain the liquidated damages allowed by the court, $7,000, and it is entitled to the credit, if paid, of $4,334 [$4,344] for the roof. Mr. Stites is entitled to $1,798.68 for the extra work and he is entitled to recover the balance due on the contract price less whatever sum has in fact been expended to finally complete the building. Since these figures and computations do not plainly appear and are within the certain knowledge of the parties the judgment is reversed and remanded to the end that perhaps the parties may amicably compute these sums and if not that the court may enter a judgment in conformity with this opinion."

■■ The return of the respondent asserts that the school district is not undertaking to reinstitute the items of the counterclaim covered by Paragraph III of its pleadings which was dismissed prior to trial, but contends that it is entitled to a completed building including the remedying of de-

fects, and that this will require a hearing and an exercise of discretion on the part of the trial court which cannot be controlled by mandamus. The respondent is mistaken as to the scope of the inquiry on remand. It was limited to ascertaining the reasonable cost of punch list items which the school district had furnished at the time of the remand to make the building conform to the plans and specifications. The school district had then been in possession of and using the building for almost three years. It was the court's purpose to terminate the litigation on the fairest terms possible and not to extend it endlessly. It is not the policy of the law to try lawsuits piecemeal. S.Ct. Rule 55.45, V.A.M.R.; Section 509.420 RSMo 1959, V.A.M.S. The motion of the defendant should not have been necessary, but it certainly was sufficient to call the matter to the trial court's attention and serve as the basis for an order requiring the parties to furnish such proof as they desired in connection with the entry of the judgment called for by the opinion and mandate of this court.

■ When a judgment is directed by the appellate court, it is the duty of the trial court to enter it as directed, and mandamus to require a trial judge to enter a judgment in accordance with the mandate and opinion of the appellate court is a proper remedy regardless of the right of an aggrieved party to appeal. Section 512.160, subd. 5 RSMo 1959, V.A.M.S.; State ex rel. Robertson v. Kelly, 293 Mo. 297, 239 S.W. 867; State ex rel. Wattenbarger v. Lamb, 174 Mo.App. 360, 160 S.W. 55; State ex rel. Metropolitan Land Company v. Douglass, Mo.App., 83 S.W. 87; State ex rel.

General Motors Acceptance Corp. v. Brown, 330 Mo. 220, 48 S.W.2d 857, 860; State ex rel. Fielder v. Kirkwood, 345 Mo. 1089, 138 S.W.2d 1009.

■ In view of the apparent difficulty of the respondent and the school district in determining what should be done, we will spell out the judgment that should be entered pursuant to the mandate. As shown by the opinion, the defendant contractor is entitled to recover the contract price of $276,247 plus extras in the sum of $1,798.68, making a total of $278,045.68. He has been paid on account of the contract price and extras the sum of $252,114.65, leaving a balance of $25,931.03. Against this, the plaintiff is entitled to a credit of $7,000 for liquidated damages and $4,344 for replacing the roof, for a total credit of $11,344. This subtracted from the balance of $25,931.03 leaves a balance due the contractor of $14,587.03. The contractor is entitled to this amount with interest from March 9, 1959, the date of the judgment in the trial court. If the school district on May 9, 1960, had in fact completed any of the items shown on the punch list, then the reasonable cost of such work or materials should be ascertained and the plaintiff would be entitled to a further credit for the amount so determined. Otherwise judgment in favor of the defendant and against the plaintiff should be entered in the sum of $14,587.03 with interest at six per cent per annum from March 9, 1959.

The peremptory writ of mandamus is ordered to issue.

All concur.