STATE of Missouri ex rel. CHICAGO, ROCK
ISLAND AND PACIFIC RAILROAD
COMPANY, Appellant,

v.

PUBLIC SERVICE COMMISSION of the
State of Missouri, Respondent.

No. 48797.

Supreme Court of Missouri,

En Banc.

Feb. 12, 1962.

Rehearing Denied March 12, 1962.

Glenn D. Evans, Gen. Counsel, Thomas
J. Downey, Asst. Gen. Counsel, Missouri
Public Service Commission, Jefferson City,
for respondent.

O. L. Houts, Chicago, Morris E. Osburn,
Jefferson City, Hale Houts, Hogsett, Houts,
James, Randall & Hogsett, Kansas City,
for appellant Chicago, R. I. and P. Ry. Co.

DALTON, Judge.

This is an appeal from the order and
judgment of the Circuit Court of Cole
County affirming an order of the Public
Service Commission of Missouri as entered
on May 26, 1960, in Commission Case No.
13386.

This Court has jurisdiction of the
appeal because the issues presented directly
concern the construction of an opinion and
decision of this Court on a prior appeal of
the cause, its enforcement and the suffi-
ciency of this Court's mandate for that
purpose. Adams v. Adams, 350 Mo. 152,
165 S.W.2d 676; Morrison v. Caspersen,
Mo.Sup., 339 S.W.2d 790; Shull v. Boyd,
251 Mo. 452, 158 S.W. 313, 320; State ex
rel. Barker v. Assurance Company of

America, 251 Mo. 278, 158 S.W. 640, 648; 14 Am. Jur., 373, Courts, Sec. 174.

■ On May 4, 1956, appellant Chicago, Rock Island and Pacific Railroad Company, hereinafter referred to as Rock Island, applied to the respondent Public Service Commission of Missouri, hereinafter referred to as Commission, for authority to discontinue its Trains 23 and 24 between Kansas City and Eldon, Missouri. The relief requested was denied and, upon review by this Court, this Court, on April 14, 1958, held that the Commission's order denying the company's application for discontinuance of the mentioned trains was unreasonable and arbitrary. This Court reversed a judgment of the Circuit Court affirming the order of the Commission and remanded the cause with directions to the trial court to remand the cause to the Commission for its further consideration. State of Missouri ex rel. Chicago, Rock Island & Pacific Railroad Company v. Public Service Commission, Mo.Sup., 312 S.W.2d 791, 805.

In the closing portion of that opinion this Court said: "The demand for passenger service in the area served by these trains is declining and there is no hope for its improvement. The resort area surrounding the Lake of the Ozarks affords practically no demand for passenger service on trains. It is reasonable to assume that the demand for such service will become even less than it was when this case was decided by the commission in October, 1956. A reconsideration of the matter in the light of developments subsequent to that time, if the commission, in its discretion, should deem such a course advisable, might prove of value in any future determination of the problem. However that may be, the foregoing facts convince us the losses being sustained by the company in the operation of Trains 23 and 24, as of October, 1956, were so patently disproportionate to the public convenience and necessity then. or thereafter to be served by them as to render the order that they be continued unrea-

sonable and arbitrary within the meaning of the public service commission statutes."

After remand, the Commission held a hearing on June 10, 1958, and, on July 17, 1958, it again denied Rock Island's application and ordered rehabilitation of the service. Later, the order of July 17 was set aside by the Commission on motion for rehearing, and a new hearing was held on September 17 and 18, 1958, after full notice to the various interested parties, attorneys and organizations. Following that hearing and, on December 29, 1958, the Commission entered its Report and Order, again denying the application and ordering rehabilitation. On certiorari the Circuit Court of Cole County set aside that Report and Order and, thereafter, declined to enter a stay of its judgment pending on appeal. The Commission and various intervenors appealed from the Court's judgment.

In this connection it should be pointed out that in the original application filed by Rock Island on May 4, 1956, requesting authority to discontinue Trains No. 23 and 24 between Kansas City and Eldon, Missouri, Rock Island offered certain "substitute service" with reference to handling of baby chicks in the event its request for discontinuance of said trains was sustained. It further appears that, in the course of the subsequent hearings on June 10, 1958, and again on September 17, 1958, Rock Island again tendered the mentioned "substitute service" in the event that its request with reference to the discontinuance of said trains was sustained. However, as stated, the offer was rejected by the Commission and, in each of its Reports and Orders, Rock Island's application to discontinue the mentioned trains was denied.

When this second Report and Order of the Commission, dated December 29, 1958, reached this Court for review, this Court reviewed the record presented and, in an opinion handed down on April 11, 1960, said: "If the former order of the Commission was unreasonable and arbitrary,

the present one is doubly so. * * * The facts being substantially the same, our prior opinion is the law of the case. * * * And our prior opinion controls here. There remains now no room for any further discretion to be exercised by the Commission on these facts, despite the usual rule of deference recognized in such cases * * *. The Circuit Court here set the order aside, without remand." 335 S.W.2d 182, 190, 191.

The opinion then quoted from State ex rel. Byers Transportation Co., Inc. v. Public Service Commission, Mo.App., 180 S. W.2d 259, as follows: " 'If, upon another hearing, additional testimony was introduced proving a substantially different set of facts, then the Commission, could, and should, make its findings and order based upon the new facts and conditions. But if there was no substantial difference, then the Commission could not re-enter the same order which a court of competent jurisdiction had declared unlawful and unreasonable.' "

The opinion of this Court then concluded, as follows:

"Under these circumstances, we modify the judgment of the Circuit Court in this, to-wit: *that the Report and Order of the Commission be and it is set aside*; the cause is remanded to the Commission so that it may enter an order in conformity with the opinion, *but not for the purpose of a further hearing;* and therein the Commission may make suitable provisions requiring the furnishing of the substituted service for the handling of shipments of chickens as heretofore tendered in these proceedings. *As so modified the judgment is affirmed."* (Italics ours.)

On Motion for Reargument a "Per Curiam" order was entered on May 9, 1960, as follows:

"The Commission has filed a motion for rehearing. We find nothing essentially meritorious in it, and it is overruled. Respondent has filed a motion seeking a modification of our opinion; specifically, it asks that the judgment of the Circuit Court be affirmed and that all provisions for remand to the Commission be eliminated. *The motion is based upon the following asserted facts: that after the end of the 1959 baby chick season the Post Office Department completely changed the method of handling the parcel post shipments; that they are now transported by Star Route on trucks to points on the Missouri Pacific, the St. Louis-San Francisco Railway, and perhaps elsewhere; that in any event no mail shipments are now delivered to Respondent, that its previous offer of substituted service has been rendered entirely unnecessary, and that no further order of the Commission is necessary.* It states, however, that some express shipments of chicks are still being handled by it in ventilated trucks, and it concedes that this is a 'common carrier duty.' It asserts: that this service as now rendered by it is adequate and that there are no complaints; that the Commission would have no jurisdiction to interfere in the parcel post movements; and that there is no occasion for a remand or for any order of the Commission.

"The Commission has filed suggestions in opposition to this motion and it asserts that the services now being rendered on the chick shipments are wholly unsatisfactory to the hatcheries; it attaches a document showing specific and substantial complaints by various hatcheries. *We are not in position to determine whether the dissatisfaction involves the parcel post shipments alone, or all truck shipments.* The Commission also questions that the Post Office Department has voluntarily occupied the parcel post field with the truck shipments. *In these circumstances the order of remand will stand; this, for the purpose of making such order, if any, as may seem proper in connection with the chick shipments as indicated in our original opinion, and in the light of subsequent developments. This need not involve any interference with the Post Office Department. The motion*

*to modify is overruled."* (All italics ours.) (335 S.W.2d 182, 191–192.)

The foregoing "Per Curiam" order, as stated, was made on May 9, 1960, and thereafter, on May 25, 1960, this Court's mandate, as mailed to the Circuit Court of Cole County, was in part in the following form:

" * * * the court * * * doth order and adjudge that the judgment of the Circuit Court of Cole County heretofore rendered herein be, and the same is hereby modified as follows: that the Report and Order of the Public Service Commission of the State of Missouri be and it is set aside; the cause is remanded to the Commission so that it may enter an order in conformity with this opinion, *but not for the purpose of a further hearing;* and as so modified the judgment of the Circuit Court of Cole County is affirmed, and stand in full force and effect; * * *." (Italics ours.)

It will be noted that the mandate followed the closing paragraph of the opinion and entirely disregarded the modification, if any, made by the "Per Curiam" order as to "subsequent developments."

This mandate reached the Circuit Court of Cole County on May 26, 1960, and the Court entered its judgment whereby its prior "judgment entered herein on the 30th day of March, 1959" was modified and, as modified, was affirmed, as follows:

"The Report and Order of the Commission be and it is set aside; the cause is remanded to the Commission so that it may enter an order in conformity with the opinion of the Supreme Court, *but not for the purpose of further hearing*; and therein the Commission may make suitable provisions requiring the furnishing of the substituted service for the handling of shipments of chickens, *as heretofore tendered in these proceedings, as indicated in the original opinion of the Supreme Court, and in the light of subsequent developments."* (Italics ours.)

As noted, the order of the Circuit Court was entered on the day following the issuance of this Court's mandate, to wit: on May 26, 1960. On that same day the Commission, without notice to the parties in interest and without the hearing of any evidence concerning the alleged "subsequent developments," issued the order now under review by this Court. The Commission set out the mandate of the Circuit Court and, thereafter, entered its order in said Case No. 13386. The order styled "Order to Institute Substitute Service" pointed out that, on May 4, 1956, when the Rock Island filed its first application with the Commission for an order authorizing the discontinuance of the operation of its Passenger Trains No. 23 and 24 between Kansas City and Eldon, Missouri, Rock Island offered to make other provisions for the transportation of baby chick shipments in the event the Commission authorized discontinuance of the mentioned trains. The order then reviewed the subsequent history of the proceedings, including this Court's opinion dated April 14, 1958 (312 S.W.2d 791), and pointed out that the Commission had again, on December 29, 1958, denied the Rock Island's application; that the Circuit Court had set its order aside without remand; and that on appeal by the Commission to the Supreme Court the decision had been modified and affirmed on April 11, 1960, and that, thereafter, the cause had been remanded to the Commission, on May 26, 1960, for the entry of orders in conformity with the Court's opinion. The order quoted from the April 11, 1960, opinion of this Court in Case No. 47574 (335 S.W.2d 182, 185) with reference to the fact that the Rock Island had again in 1958 tendered the same substitute service as it had in 1956 (312 S.W. 2d 791, 797), and then quoted the closing paragraph of said opinion, but without any reference whatever to the "Per Curiam" modification of the opinion as entered on May 9, 1960, and without any reference to *the closing words of the order and judgment of the Circuit Court as issued on the very day of the Commission's Report and Order.* The order of the Commission then

stated: "In view of the statements of the (Supreme) Court recited above, it is the opinion of the Commission that a further hearing in regard to this application *has been precluded by the Court* and that the Commission's jurisdiction in this cause is now limited to the entry of an order providing for the substitute service as directed by the Court." (Italics ours.) The Report and Order then set out at length the Rock Island's offer of "substitute service" as contained in paragraph 9 of its May 4, 1956, application for discontinuance of trains.

The Report and Order continued as follows:

"The passenger trains which are the subject of this proceeding were discontinued more than a year ago after the Circuit Court of Cole County had set aside the Report and Order of the Commission as aforesaid. The substitute service for the transportation of chickens as discussed in the opinion of the Supreme Court and as promised by the applicant was discontinued at the end of the 1959 hatching season. The Railroad Company did not seek the permission of this Commission to discontinue this service to the public, and the Commission was unaware that this service had been discontinued until complaints were received from the hatcheries involved following the issuance of the Supreme Court's opinion aforesaid on April 11, 1960. A full month remains in the 1960 hatching season, and it is the opinion of the Commission that the substitute service as proposed by the Railroad Company and as sanctioned by the Supreme Court should be put into effect without delay."

Thereupon, the following order was entered:

"ORDERED: 1. That the Chicago, Rock Island and Pacific Railroad Company, during the months of February through June, inclusive, on all days of the week except Friday, furnish a baggage car or cars, equipped with electric fans and heated when necessary, at Windsor, Missouri, for the transportation of baby chicks for the chicken hatcheries, moving to or through Kansas City, Missouri from Windsor, Missouri, and from all stations between Windsor and Eldon, Missouri, including Eldon; that an employee shall be in attendance on the car in said transportation; that said car be picked up at Windsor in the afternoon on each day of operation and delivered at the Union Station in Kansas City at or before 5:45 p. m.; that the company pick up chicks moving to or through Kansas City at the stations between Windsor and Eldon, including Eldon, by suitable ventilated motor trucks, transport said chicks thereby to Windsor and load said chicks in the baggage car aforesaid in time for transportation on the same day from Windsor to Kansas City by said car.

"ORDERED: 2. That this Order shall be effective on the first day of June, 1960, and that the Secretary of the Commission shall serve a certified copy of same upon each interested party."

Thereafter, on May 31, 1960, the Rock Island filed its application for a rehearing and for a stay of the Commission's Order of May 26, 1960, wherein it pointed out that the Commission's Order of May 26, 1960, was made without notice or any opportunity for a hearing and contrary to the supplemental opinion, decision and order of this Court as entered on May 9, 1960, and contrary to Sec. 387.190 RSMo 1959, V.A.M.S., and that the Report and Order of the Commission " * * * deprives the Rock Island of its property without due process of law in violation of Section 10 of Article I and Section 22 of Article V of the Constitution of Missouri [V.A.M.S.] and Section I of the Fourteenth Amendment of the Constitution of the United States, and imposes a burden on interstate commerce in violation of the third clause of Section 8 of Article I of the Constitution of the United States, and is not authorized by law as required by Section 22 of Article V of the Constitution of Missouri." These grounds for relief have been carried forward through all subsequent proceedings and are now presented in this Court. Nu-

merous other grounds for a rehearing were also contained in the motion for rehearing but they need not be considered at this time. On June 13, 1960, the Commission overruled the Rock Island's motion for a rehearing and for a stay in said cause.

The Commission in its order overruling appellant's motion for rehearing asserted that the order requiring the Rock Island to reinstate "substitute service" for the transportation of chickens was entered "pursuant to the directions of the Supreme Court rendered on a recent appeal in this matter," and further stated that: "In the event the railroad company feels justified in seeking a discontinuance of the substitute service ordered, there remains available to the company the normal remedy of applying to the Commission for permission to discontinue such service as not required by the public convenience and necessity." Compare Chicago B. & Q. R. Co., v. Illinois Commerce Comm., D.C., 82 F.Supp. 368, 376(4).

All necessary and proper steps were duly and timely taken to present the Report and Order of the Commission, as entered on May 26, 1960, to the Circuit Court of Cole County for review, and, thereafter, a judgment was entered in that court affirming the order and judgment of the Commission. Motion for a new trial was duly filed, considered and overruled and this appeal duly taken.

Appellant here contends that the court erred in entering the mentioned judgment because the Report and Order of the Commission, as entered on May 26, 1960, was illegal and void in that it was made without notice or an opportunity for a hearing and contrary to the opinion, decision and order of this Court, as set out in the "Per Curiam" order remanding the cause to the Commission for the purpose of making such an order, if any, as might seem proper in connection with the chick shipments and "in the light of subsequent developments."

Appellant points out that the Report and Order dated May 26, 1960, was entered without notice and without opportunity for the filing of pleadings or the presentation of evidence as to present existing conditions, and *after* the former Report and Order had been completely set aside. Appellant insists that the action of the Commission approved by the Circuit Court violates Sec. 387.190, subdivision 3, RSMo 1959, V. A.M.S., which requires notice and a hearing prior to the issuance of such a Report and Order. See Sec. 387.190(3) RSMo 1959, V.A.M.S.; Public Service Commission of Missouri v. St. Louis-San Francisco Ry. Co., 301 Mo. 157, 256 S.W. 226, 227–228. Appellant further relies upon the several provisions of the State and Federal Constitutions as set out in its application for a rehearing, and as carried forward through subsequent proceedings to this Court on appeal, and appellant insists that the order and judgment of the Circuit Court, as appealed from herein, is therefore subject to the same defects as the record made before the Commission.

Appellant's position with reference to alleged changed conditions subsequent to the Commission's Report and Order of December 29, 1958, appear rather clearly from the recitals in this Court's "Per Curiam" order of May 9, 1960. (335 S.W.2d 182, 191.) These alleged changed conditions were again set forth in Rock Island's verified motion for a rehearing filed with the Commission on May 31, 1960, together with an allegation that: "Rock Island does not presently have available a freight train by which a car could be transported from Windsor to Kansas City in the manner indicated in the Commission's order and any such chick transportation would require expense of more than Eight Thousand Dollars a month in excess of revenue from express or usually paid by the Post Office Department."

Rock Island's motion for a rehearing was overruled on June 13, 1960, and one of the reasons assigned by the Commission for its action in overruling the motion was that the case had been commenced on May 4, 1956, and, that "since that date the subject matter of this proceeding has been the object of continual hearings before the Commission and litigation in the courts. * * *

As noted above, the record in this case has extended over a period of more than four years, and the issues have been exhaustively developed." However, there was no evidence properly before the Commission of any changes subsequent to the conclusion of the Commission's hearing held on September 18, 1958, and no opportunity was offered for making any such proof.

Respondent does not question the record which indicates that no notice or an opportunity for the filing of pleadings or the offering of evidence was given Rock Island (appellant) on remand. Respondent by its argument concedes that fact. Respondent contends that "notice and hearing are required by a fact-finding agency such as the Commission only in those circumstances where there may be facts in dispute"; and that "in the case before the Court there is no dispute," because "the railroad company's duty to furnish railway transportation service for the hatcheries industry had been clearly established in several legal proceedings extending over a period of twelve years." Respondent further says that "the railroad has seized upon the language 'subsequent developments' as absolutely requiring an additional hearing"; and that "the Commission *has* considered subsequent developments. * * * An emergency situation which demanded immediate action— and the Commission acted." It is then argued that appellant was not entitled to a further hearing. The effect of respondent's brief is to admit that no notice or an opportunity for a hearing of evidence or the showing of "subsequent developments" was given appellant prior to the entry of respondent's order of May 26, 1960.

Respondent further seeks to support its Report and Order of May 26, 1960, upon the further ground that the Court in its last opinion "recognized and affirmed as satisfactory the substitute service proposal"; that "thus the legal duty of the railroad company to provide railway transportation service for the hatcheries industry has been established repeatedly and conclusively"; that the abandonment of railway transportation service for the hatcheries industry required prior authority from the Commission; that "the Commission's order requiring restoration of the substituted service issued without notice and hearing is lawful and reasonable"; that "the railroad company was not entitled to a hearing on the order requiring the restoration of service which had been unlawfully abandoned"; and that the order of the Commission to provide "substitute service" for railway transportation to the hatcheries industry did not deprive the railroad company of its property without due process of law or otherwise violate statutory or constitutional provisions.

We find no evidence in this record tending to show that the Commission by any prior order had directed Rock Island to place in operation the mentioned "substitute service" or that Rock Island had violated any such order.

From a careful review of this entire record, as presented upon this appeal, we have reached the conclusion that the Report and Order of the Commission dated May 26, 1960, entitled "Order to Institute Substitute Service" and the order and judgment of the Circuit Court entered March 16, 1961, affirming the order and judgment of the Commission cannot be sustained.

It clearly appears on the face of this record that the mandate of this Court dated May 25, 1960, based upon the opinion of this Court filed April 11, 1960, conformed to the original opinion, but not to the final decision of this Court as shown by its "Per Curiam" order entered on May 9, 1960. The mandate, however, was accompanied by a copy of the "Per Curiam" order.

The original opinion, filed on April 11, 1960, directed that the remand was not "for the purpose of a further hearing," however, that portion of the opinion did not apply to the new matter considered in the order of May 9, 1960, reviewing the contentions of the parties as made subsequent to the filing of the original opinion. The

"Per Curiam" pointed out that this Court was in no position to determine the true facts concerning subsequent events. The Court did not modify its order that the Report and Order of the Commission of December 29, 1959, be set aside, and it expressly stated that "the order of remand will stand." The purpose of the remand was then definitely stated, as follows: " * * * this, for the purpose of making such order, if any, as may seem proper in connection with the chick shipments as indicated in our original opinion, *and in the light of subsequent developments.*" (Italics ours.)

The several motions to modify the original opinion were overruled, nevertheless it clearly appears that the original opinion and *decision of the Court was, in fact, modified on the Court's own motion* to permit a further hearing with reference to chick shipments in view of subsequent developments; and that the clause, "but not for the purpose of a further hearing," was intended to apply only with reference to the discontinuance of the mentioned trains, the issue ruled in the principal opinion.

All may regret the confusion resulting from the failure of the mandate and the records of the Court to correctly reflect the facts, but the truth is that the final order of this Court has not been carried into effect; that no motion has been made to modify the mandate to make it conform to the "Per Curiam" order; that appellant's right to a further hearing "in the light of subsequent developments" has been denied; and that a new order was entered by the Commission without notice or a hearing of evidence or even an opportunity to protest the making of the order. Appellant's statutory and constitutional rights were clearly violated by the order of May 26, 1960, and the Circuit Court erred in affirming that order. Section 387.190(3) RSMo 1959, V.A.M.S.; Public Service Commission v. St. Louis-San-Francisco Ry. Co., supra, 256 S.W. 226, 227–228; State ex rel. Anderson Motor Service Co. v. Public Service Commission, 234 Mo.App. 470, 134 S.W.2d 1069, 1076(12, 13), affirmed 348 Mo. 613, 154 S.W.2d 777, 780; Hoppe, Inc. v. St. Louis Public Service Co., Mo.Sup., 235 S.W.2d 347, 351(9); State ex rel. Reid v. Walbridge, 119 Mo. 383, 24 S.W. 457, 460; State v. Goodbar, Mo.Sup., 297 S.W.2d 525, 528(5–8); Bindley v. Metropolitan Life Ins. Co., 358 Mo. 31, 213 S.W.2d 387, 391 (8); Magerstadt v. La Forge, Mo.Sup., 303 S.W.2d 130, 134(8–10); Baker v. Baker, Mo.App., 274 S.W.2d 322, 326; Section 386.510 RSMo 1959, V.A.M.S.; 16A C.J.S. Constitutional Law § 628(b) (1), p. 856.

It is further apparent that the Commission ordered the institution of the proposed "substitute service" without notice or the hearing of evidence *after* Rock Island had alleged in a motion filed in this Court that *the conditions upon which the prior proposal was based no longer existed.*

The judgment of the Circuit Court is reversed and the cause remanded with directions to remand the proceedings to the Commission with directions to set aside its order of May 26, 1960, and grant appellant a hearing in accordance with this Court's prior "Per Curiam" order.

All concur.