**Louis CRIST, Receiver of Old Security Life Insurance Company, Respondent,**

v.

**ISC FINANCIAL CORPORATION, Richard A. King, Director of the Department of Revenue, Appellants.**

**No. WD 39708.**

Missouri Court of Appeals, Western District.

June 28, 1988.

Benjamin F. Mann, Douglas J. Schmidt, Kansas City, for appellants.

Michael H. Maher, Kansas City, for respondent.

Before KENNEDY, C.J., and MANFORD and BERREY, JJ.

KENNEDY, Chief Judge.

This is an appeal from various orders of the Circuit Court of Cole County in the receivership of Old Security Life Insurance Company, which receivership has now, we infer, been completed. The appellant is ISC Financial Corporation, sole stockholder of Old Security Life Insurance Company, which is entitled to all of any balance of funds after the completion of the receivership proceedings. For other cases dealing with various aspects of this receivership, see *Ainsworth v. Dalton*, 694 S.W.2d 833 (Mo.App.1985); *Ainsworth v. Old Sec. Life Ins. Co.*, 694 S.W.2d 838 (Mo.App.1985); *State ex rel. ISC Financial Corp. v. Kinder*, 684 S.W.2d 910 (Mo.App.1985).

The basic order appealed from is an order made by the trial court under date of March 26, 1984, which appointed Elaine S. Healey as trustee of escrowed funds totaling $1,812,116 for claimed federal income taxes ($1,000,000) and state income taxes ($812,116). The order provided that from the interest received from the investment of the funds "the trustee shall first pay therefrom the lawful expenses of the administration of the funds as may from time to time be authorized to be paid or be allowed by the court, there shall next be paid therefrom such amounts as may be lawfully requisitioned by the Circuit Clerk of Cole County for the purposes specified and allowed for such clerk in subsection 2 of Section 483.310, RSMo, and the remaining balance shall be paid into the general revenue fund of Cole County as provided in subsection 2 of Section 483.310, RSMo." The order also provided that the trustee should enter into a $10,000 bond, and provided for compensation for the trustee in the amount of $400 per month.

The order contemplated that the receiver should be discharged on May 15, 1984, and that the trustee should receive from the receiver, additionally to the $1,812,116, such funds as he might have in his hands at that time, and that she should continue to administer the fund under the direction and supervision of the court. The trustee apparently never received the additional funds, however, and this portion of the order is not involved in the present case.

The March 26 order described above was before this court in *State ex rel. ISC Financial Corp.*, supra. In that case we issued our writ of prohibition, upon the petition of ISC Financial Corporation, appellant here, by which we directed that said order "be vacated and set aside ... and that the same not be enforced or implemented in any way", 684 S.W.2d at 914.

From the record before us, we infer, as noted above, that receiver was not discharged on May 15, 1984, as contemplated by the March 26 order, and therefore, the trustee Elaine S. Healey did not receive any additional funds. To that extent our writ of prohibition was obeyed. However, she continued to act as trustee of the $1,812,116 entrusted to her under the March 26 order, and the court and the trustee continued to operate under such order. ISC made no attempt to enforce this court's writ of prohibition, and the March 26 order was not set aside as we had ordered. The trustee invested the funds in interest bearing accounts. From the interest she collected she paid herself in accordance with the original order $400 per month for her services and paid other minor expenses. The balance of such interest —$511,628.70—was paid at intervals, upon successive orders by the trial court, over a period of two and a half years to Cole County ($457,097.63) and to the Circuit Clerk of Cole County ($54,531.07).

Eventually, in 1986, it was determined that the Internal Revenue Service had no claim for federal income taxes against Old Security Life Insurance Company or the receiver, and the trustee, upon the order of the court, paid to ISC Financial Corporation the $1,000,000 which had been deposited in escrow against any federal income tax liability which might be established. This left in her hands, of the original amount deposited, $812,116. In 1987, the Missouri State income tax claim was settled for $345,873.64, and that amount was paid by the trustee to the Department of Revenue from the $812,116 which had been held in escrow for the satisfaction of that liability.

A June 22, 1987, order of the trial court, entered in pursuance of a stipulation of the parties, directed the trustee to disburse the trust funds as follows:

    a. All expenses of the trust currently due and owing are to be paid (or prepaid if possible);

    b. $345,873.64 is to be disbursed to Richard A. King as director of the Department of Revenue, the State of Missouri, and

    c. The remainder of all trust funds are to be paid to ISC Financial Corporation who as the legal and/or beneficial owner of all common stock owed Security Life Insurance Company is entitled to any surplusage remaining after all claims and costs of the receivership are paid as provided in Section 375.700, RSMo.

In pursuance of the June 22, 1987, order described in the preceding paragraph, the trustee Elaine S. Healey remitted to ISC Financial Corporation the sum of $466,-242.36, which, according to her letter of transmittal, was the balance of "the original deposit which was placed in the court's registry some years ago".

ISC then inquired about the interest which had presumably accumulated in the hands of the trustee and was advised by the trustee that she had paid the interest to Cole County and to the Circuit Clerk of Cole County, as described above.

ISC then filed a "Motion for Clarification of Final Order Approving Settlement by Ordering that Interest in the Trust be Paid to ISC." This motion, so far as the record discloses, was never ruled upon by the trial court.

This appeal followed. The notice of appeal designated the "judgment or order appealed from" as follows:

Order dated March 26, 1984 ... and all orders issued pursuant thereto ... which caused interest earned on the trust funds to be disbursed to the Treasurer of Cole County or the Clerk of the Circuit Court of Cole County, as well as the final order dated June 22, 1987, and the order dated July 12, 1987.

Neither the appellant's brief—the only brief we have—nor our own extensive research has brought to light the mate of the present case.

The basic order of the trial court which appellant attacks on this appeal is the order of March 26, 1984, under which order, and under supplemental orders from time to time issued thereunder, the trustee has paid out to Cole County and to the Cole County Circuit Court interest in the sum of $511,628.70.

Said March 26 order, however, upon ISC's petition for writ of prohibition, had been held by this court, as noted earlier, to be in excess of the trial court's jurisdiction and it had been ordered vacated, and ordered not to be implemented or enforced in any way. The remedy which ISC now seeks by appeal, therefore, it had earlier obtained by writ of prohibition. *State ex rel. ISC Financial Corp.*, supra.

■ The trial court did not obey our writ of prohibition. ISC made no attempt to enforce the writ, so far as the record shows. Not only did it not seek to enforce the writ against the order, it continued to recognize the order as if it were valid and viable. This it did by entering into a settlement agreement with the receiver and the director of revenue which provided for the trustee's disbursement of the trusteed funds, including "all expenses of the trust currently due and owing (or prepaid if possible)". It joined in a motion for the approval of such settlement, and joined in the submission to the court of the order of June 22, 1987, which approved the settlement and ordered the trustee to disburse the remaining funds. The settlement agreement called for a report by the trustee of her receipts and expenditures from the trust.

A party may not acquiesce in a judgment and treat it as valid and viable and at the same time appeal from it. *Windsor v. Schaeffer*, 224 Mo.App. 1220, 34 S.W.2d 989, 990 (1931). That is what ISC seeks to do, and the appeal will not be entertained.

■ Another principle stands in the way of our consideration of the merits of this

appeal. This court has once granted to ISC by writ of prohibition no less efficacious a remedy than the remedy it now seeks, to wit, the vacation of the March 26 order. Having sought and received a writ of prohibition against the March 26 order, this court will not hear its appeal seeking the same relief. The general rule is stated as follows in 4 C.J.S. *Appeal and Error*, Section 34 (1957): "As a general rule, a party who has brought a proceeding for appellate review which has been prosecuted to a final determination by the appellate court cannot, unless there have been new proceedings in the cause, again bring the same case up for review...." None of the exceptions to the rule are applicable in the present case.[1]

We express no opinion on the present enforceability of our writ of prohibition.

■ Yet another principle deprives us of jurisdiction of this appeal, namely, the absence of indispensable parties. Supreme Court Rule 52.04.

It is clear that ISC's objective is to recover the interest paid out by trustee Elaine S. Healey, as described above, to Cole County and to the Circuit Clerk of Cole County. There can be no resolution of the underlying competing claims in this case without the joinder as parties of Cole County, the Circuit Clerk of Cole County and the trustee. They are "indispensable parties". Supreme Court Rule 52.04. *Neal v. Drennan*, 640 S.W.2d 132, 136 (Mo.App.1982). ISC recognizes the need for the presence of Cole County and the Clerk of the Circuit Court of Cole County for a final resolution of this case. It has filed in this court a "Motion for Order for Cole County and the Circuit Court of Cole County to Show Cause why They Should Not be Parties to this Appeal". That motion, because Cole County nor the Circuit Court had been par-

ties to the proceedings below, was overruled on the authority of *Aetna Life Insurance Company v. Litteer*, 621 S.W.2d 376, 379 (Mo.App.1981).

We have not dealt with the most obvious issue, i.e., the appealability in any event of the order. Only those orders and judgments are appealable which are described in Sec. 512.020, RSMo 1978. In *State ex rel. ISC Financial Corp.*, supra, we said without discussion that the March 26 order was not appealable. Its non-appealability was asserted by relator and respondent did not take issue with the assertion. We base our dismissal of this appeal upon other grounds.

Yet another aspect of the case should be commented upon. That aspect is ISC's claim, presented for the first time here, that Section 483.310, RSMo, is unconstitutional insofar as it authorizes the payment to Cole County and to the Circuit Clerk of Cole County of interest received upon the trusteed funds. The claim of the invalidity of the statute was not raised in the trial court, and therefore the presence of this claim would not deprive us of jurisdiction. *Bauldin v. Barton Co. Mutual Ins. Co.*, 666 S.W.2d 948, 951 (Mo.App.1984). If, however, the claim of invalidity of the statute had been raised in the trial court at the earliest opportunity and had been effectively preserved, the jurisdiction of the case would have been in the Supreme Court rather than in this court. *Horne v. King*, 678 S.W.2d 465, 467 (Mo.App.1984).

The appeal is dismissed.

All concur.

---

1. This is not a case where the trial court upon remand has entered a second judgment in pursuance of the appellate court's mandate, and an appeal is taken from the second judgment. In such a case an appeal will lie, and the only issue in such a case is "whether the judgment entered conformed to the judgment directed to be entered". In such a case, however, the party attacking the second judgment may at his option have mandamus to enforce the mandate of the appellate court. *State ex rel. Robertson v. Kelly*, 293 Mo. 297, 239 S.W. 867 (1922); and *see State ex rel. Vernon Co. Reorganized School District v. Brown*, 313 S.W.2d 774 (Mo.App.1958). The present case involves an appeal from the very order which was the object of the writ of prohibition, and not a second order entered in pursuance thereof.